**FILED**

**NOT FOR PUBLICATION**

JUL 11 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>MONGOL NATION, an unincorporated association,<br><br>    Defendant-Appellee. | No. 15-50442<br><br>D.C. No. 2:13-cr-00106-DOC-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted June 6, 2017
Pasadena, California

Before: GRABER, SACK,[**] and MURGUIA, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Robert D. Sack, United States Circuit Judge for the Court of Appeals for the Second Circuit, sitting by designation.

This appeal arises from an order granting the Defendant Mongol Nation's motion to dismiss an indictment charging it with two criminal violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), (d). *United States v. Mongol Nation*, 132 F. Supp. 3d 1207, 1221–23 (C.D. Cal. 2015). The district court granted the motion to dismiss the indictment on the ground that "there is no meaningful distinction between the association Mongol Nation and the enterprise of the Mongols Gang." *Id.* at 1220; *see also Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1533 (9th Cir. 1992) (stating that the RICO "person" must be "distinct from the 'enterprise' whose business the [RICO person] is conducting"). We review the dismissal of an indictment on legal grounds *de novo*, *United States v. Gomez-Rodriguez*, 96 F.3d 1262, 1264 (9th Cir. 1996) (en banc), accepting as true the allegations in the indictment, *United States v. Lyle*, 742 F.3d 434, 436 (9th Cir. 2014).

1. The district court erred in concluding that Mongol Nation and the Mongols Gang are not sufficiently distinct. "[T]o establish liability under [RICO] one must allege and prove the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001). The indictment charged Mongol Nation, an unincorporated association comprised of

"official" or "full-patch" members of the Mongols Gang, as a RICO "person." The alleged RICO "enterprise," the Mongols Gang, is comprised of both Mongol Nation, i.e., the Mongols Gang's official or full-patch members, and various associates. Although a RICO claim might fail on distinctiveness grounds where the "[entity] was the 'person' and the [entity], together with all its employees and agents, were the 'enterprise,'" *id.* at 164 (citing *Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A.*, 30 F.3d 339, 344 (2d Cir. 1994)), that does not describe this case. Rather, Mongol Nation is a subset of the alleged enterprise, which consists of legally distinct and separate persons in addition to the Defendant. When reviewing whether these entities are distinct, "the only important thing is that [the enterprise] be either formally . . . or practically . . . separable from the individual" RICO person. *Sever*, 978 F.2d at 1534 (brackets in original) (quoting *United States v. Benny*, 786 F.2d 1410, 1416 (9th Cir. 1986)). That is the case where, as here, the RICO "person" is part of the "enterprise" whole. Moreover, we have previously rejected the argument that "there is no distinction between the officers, agents and employees who operate [a] corporation and the corporation itself," *id.* (internal quotation marks omitted), because "a corporate officer can be a person distinct from the corporate enterprise," *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 362 (9th Cir. 2005). Accordingly, because

Mongol Nation was alleged to be part of a larger whole, the Mongols Gang, which is comprised of additional individuals who together form the alleged enterprise, the district court erred by dismissing the indictment on distinctiveness grounds.

    2. The Defendant's argument that remand will prove "futile" because the government cannot obtain forfeiture of trademarks registered to Mongol Nation is unpersuasive. It would be premature to address whether the government will ultimately be able to secure forfeiture under 18 U.S.C. § 1963 as part of the sentence in the event that the Defendant is convicted under 18 U.S.C. § 1962. *See Libretti v. United States*, 516 U.S. 29, 39 (1995). Similarly, the Defendant's constitutional challenge is not ripe for review. *See Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc).

    3. Having dismissed the indictment on other grounds, the district court declined to "reach Defendant's arguments concerning whether it is proper to premise liability on predicate acts an unincorporated association is not legally capable of committing itself." *Mongol Nation*, 132 F. Supp. 3d at 1223. Because some predicate criminal acts can be committed by entities similar to an unincorporated association, *see United States v. A & P Trucking Co.*, 358 U.S. 121, 125–26 (1958), it would not be futile to remand the indictment for further

proceedings. We leave this issue to the district court's consideration in the first instance on remand.

**REVERSED AND REMANDED.**