Joseph A. Yanny, Esq. (SBN 97979)
YANNY & SMITH
1801 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone: (310) 551-2966
Facsimile: (310) 551-1949
jyanny@yannylaw.com

Attorneys for Defendant,
**Mongols Nation**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America<br>        Plaintiff,<br><br>vs.<br><br>Mongols Nation,<br>        Defendant. | Case No.: CR 13 00106 DOC<br><br>**NOTICE OF MOTION AND MOTION TO BIFURCATE THE ISSUE OF DISTINCTIVENESS; AND MEMORANDUM IN SUPPORT THEREOF**<br><br>**Hearing Date:** May 21, 2018<br>**Hearing Time:** 8:30 a.m.<br>**Judge:** Honorable David O. Carter<br>**Courtroom**: 9D |

**TO THE HONORABLE COURT AND TO THE UNITED STATES ATTORNEY:**

PLEASE TAKE NOTICE that on <u>May 21, 2018</u> at <u>8:30 a.m.</u>, or soon thereafter as this matter be heard in the above-entitled Court located at 411 West Fourth Street, Santa Ana, CA, 92701, Defendant, Mongols Nation, will move this Court to: Bifurcate the issue of whether the Mongols M.C., as a person, is a legally distinct entity from the Defendant, Mongols Nation.

Defendant hereby brings this Motion to bifurcate the issue of distinctiveness from the balance of the case.

                                                                                                  Respectfully submitted,
                                                                                                  YANNY & SMITH

DATED: April 2, 2018                By:    /s/ *Joseph A. Yanny*

                                                                                 JOSEPH A. YANNY
                                                                                 Attorney for Defendant

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Mongols Nation, (hereinafter "Mongols Nation" and/or "Defendant") hereby brings this Motion to bifurcate the issue of distinctiveness from the balance of the case.

### I. THIS COURT HAS THE INHERENT AUTHORITY TO GRANT A MOTION TO BIFURCATE

The Court has the inherent authority to control the order of proof at trial. *See Geders v. U.S.*, 425 U.S. 80, 86 (1976) ("The trial judge must meet situations as they arise and to do this must have broad power to cope with the complexities and contingencies inherent in the adversary process. To this end, he may determine generally the order in which parties will adduce proof; his determination will be reviewed only for abuse of discretion."); *U.S. v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) ("We have accepted that [a]ll federal courts are vested with inherent powers enabling them to manage their cases") This includes the power to grant a request for bifurcation. *See Oyler v. Boyles*, 368 U.S. 448, 452 (1962) (finding bifurcation of essentially independent issues is acceptable for criminal charges); *U.S. v. Parry*, 225 Fed.Appx. 480, 482 (2007) (unpublished, but well-reasoned); *Gonzalez v. Nevada*, 366 P.3d 680, 687-88 (Nev. 2015) (holding bifurcation was not only allowable but indeed mandatory to separate the guilt phase of trial from the gang enhancement phase of trial). These powers should be used by the courts to promote judicial economy and the just, speedy and efficient resolution of disputes. *See* Fed. R. Crim. P. 2; *see* also Fed. R. Civ. P. 1.

## II. THE POSTURE OF THE CASE

This Court previously granted Defendant's motion to dismiss on grounds of a lack of distinctiveness between the RICO person and the RICO entity. *See United States v. Mongol Nation*, 132 F.Supp.3d 1207, 1220 (C.D. Cal 2015). Defendant contends that the Court of Appeals incorrectly reversed the holding of the Court, in essence, finding that as a matter of pleading, the government had drawn an adequate distinction between the RICO person and the RICO enterprise AT THE PLEADING STAGE. The Court of Appeals could hold nothing more since as the government urged during motion practice, no evidence could be received by the court on a motion to dismiss. (citations omitted)

However, that is a double-edged sword. The government, as part of its proof, must establish an enterprise distinct from the RICO person to maintain the suit. The government has indicated that trial of their case will involve sixty-five witnesses spread over six to eight weeks of trial. However, great time, effort, and expense can be avoided by bifurcating the issue of distinctiveness at trial.

If the government cannot establish distinctiveness, the necessity for six to eight weeks of time and sixty-five plus witnesses could be obviated. During recent argument to the Court the government conceded that the distinctiveness was a question of law. If that is the case, the matter may not even need to be presented to a jury because questions of law (such as admissibility of evidence, qualifications of experts, etc.) are the province of the bench and questions of fact are the province of the jury.

## III. ARGUMENT

It is within the sound discretion of the Court to grant request for bifurcation. *See supra.* Where judicial economy can be realized through the grant of bifurcation, it would be an abuse of discretion for the Court not to grant it. In the instant case, the only thing the Court of Appeals has ruled on is the adequacy of pleading. The government still bears the burden of establishing distinctiveness through competent evidence. Should the government fail to establish distinctive RICO persons and enterprise, the case should be dismissed, the Defendant acquitted, and an undue time and economic burden avoided.

Bear in mind that in prior cases, including *U.S. v. Cavazos*, some eighty individual RICO PERSONS were charged, tried, or plead to guilt and had been punished. In those prior cases, the government successfully urged that the Defendant in this case was the RICO enterprise. It is not as if the supposed guilty will walk free should the government lose this case. It should also be noted that nearly all of the persons involved in the prior case were kicked out of the Defendant organization for the acts they were accused of in the indictment.

In the instant case, the government seeks to take the COLLECTIVE MEMBERSHIP MARK of the Club, thereby punishing the innocent members of the Club who committed no crimes and indeed cleaned up their own club. We ask the Court to bear in mind that as previously laid out in prior motion practice before this honorable Court, by the government's own admission by a U.S. Department of Commerce document known as the TMEP ("Trademark Manual of Examining Procedure"), the collective membership

mark at issue in this case belongs to the members of the Mongols even though legal title is held by the Club as trustee for the members. This case is nothing more than an attempt to punish the innocent members of this club for the alleged guilty acts of some roughly eighty persons who were RICO persons who are no longer members of this club.

As has been pointed out to the Court in previous motion practice, the object of this suit and the prior Cavazos' suit, in so far as the Collective Membership Mark, is an unconstitutional attempt to violate the First Amendment rights - associative and expressive - of the members of this Club. That conclusion was echoed both in the *Rivera* case and the collateral ancillary proceeding in the *Cavazos*' case wherein it was established that the Mongols M.C. (the enterprise) owned the mark and an attempt to take it away was in many respects unconstitutional.

Should this Court grant the request for bifurcation on the issue of distinctiveness and the government failed to carry its burden whether by bench or jury trial, all of this can be avoided.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court bifurcate the issue of distinctiveness to avoid unnecessary burden and expense to the government, taxpayers, court, and most significantly – this innocent Defendant and its many members. Defendant also requests that, consistent with the government's concession, that distinctiveness is a question of law and the matter be set for a bench trial. Should this Court decide this is a jury question, then it requests that the matter of distinctiveness be

1  first tried to the impaneled jury before everyone's time is wasted with unnecessary
2  testimony, evidence, and expense.

                                                Respectfully submitted,
                                                YANNY & SMITH

Dated: April 2, 2018        By:   /s/ *Joseph A. Yanny*
                                                  JOSEPH A. YANNY
                                                  Attorneys for Defendant, Mongols Nation

7
Notice of Motion and Motion to Bifurcate Distinctiveness