NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
CHRISTOPHER BRUNWIN (Cal. Bar No. 158939)
STEVEN R. WELK (Cal. Bar No. 149883)
Assistant United States Attorneys
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4242/6166
     Facsimile: (213) 894-3713
     E-mail:    christopher.brunwin@usdoj.gov
                steven.r.welk@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 13-106(A)-DOC |
| Plaintiff, | UNITED STATES' MEMORANDUM OF LAW CONCERNING FIFTH AMENDMENT PRIVILEGE FOR POTENTIAL WITNESSES |
| v. | |
| MONGOL NATION, An unincorporated association, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Christopher Brunwin and Steven R. Welk, hereby submits a memorandum of law regarding the

Fifth Amendment privilege of potential witnesses in the above-captioned case.

```
Dated: June 12, 2018           Respectfully submitted,

                               NICOLA T. HANNA
                               United States Attorney

                               LAWRENCE S. MIDDLETON
                               Assistant United States Attorney
                               Chief, Criminal Division


                                /s/Christopher Brunwin
                               CHRISTOPHER BRUNWIN
                               STEVEN R. WELK
                               Assistant United States Attorneys

                               Attorneys for Plaintiff
                               UNITED STATES OF AMERICA
```

**MEMORANDUM OF LAW**

I. **INTRODUCTION**

Defendant Mongol Nation has indicated that it may call witnesses at trial who have been alleged to have committed offenses set forth in the First Superseding Indictment. Some of those potential witnesses have been convicted of offense conduct in either state or federal court. Some have charges still pending against them. Defendant has not identified any witnesses it actually intends to call, and no witness has advised the Court that it would invoke his or her Fifth Amendment right against self-incrimination if called. At the Court's direction, the government submits this memorandum of law regarding the invocation of Fifth Amendment rights by any potential witness and the fact that no inferences may be drawn from a witness' refusal to testify. Nor can a defendant assert any prejudice from any such refusal to testify.

The law makes clear that a party does not have a right to offer inadmissible evidence. That includes testimony from a potential witness who elects to invoke his or her right against self-incrimination. The defendant is also not entitled to draw any inferences from such witness' refusal to testify. Defendant also cannot claim to have been prejudiced by an invocation of any potential witness' right against self-incrimination, because defendant does not have a right to offer that tesimony in the first place. Any argument to the contrary is incorrect and contrary to the law.

## II. THE FIFTH AMENDMENT

As stated, defendant has not identified any witness it intends to call at trial. To the point here, no potential witness has advised that he or she would invoke the privilege against self-incrimination if called to testify. The government, therefore, takes no position as to the validity of any potential witness' decision to invoke his or her right against self-incrimination under the Fifth Amendment. To address the Court's question, however, the government provides the following discussion of the relevant law.

The Fifth Amendment to the United States Constitution sets forth a right against compelled self-incrimination. U.S. CONST. Amend. V. (no person "shall be compelled in any criminal case to be a witness against himself"). It is the duty of a court to determine the legitimacy of a witness's reliance on the Fifth Amendment. "A witness may not employ the privilege to avoid giving testimony that he simply would prefer not to give." Roberts v. United States, 445 U.S. 552, 560 n. 7 (1980). In Hoffman v. United States, 341 U.S. 479 (1951), the Supreme Court set forth the standard used to determine whether a witness may invoke the Fifth Amendment and refuse to testify:

> To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result. The trial judge in appraising the claim must be governed as much by his personal perception of the peculiarities of the case as by the facts actually in evidence.

Id. at 486-87 (quotation marks omitted).

In the typical case, "[a] proper application of this standard requires that the Fifth Amendment claim be raised in response to

2

specific questions propounded by the investigating body.  This permits the reviewing court to determine whether a responsive answer might lead to injurious disclosures." United States v. Pierce, 561 F.2d 735, 741 (9th Cir. 1977).

The Ninth Circuit has recognized an exception to the Pierce rule, however, where the district court, "based on its knowledge of the case and of the testimony expected from the witness, can conclude that the witness could 'legitimately refuse to answer essentially all relevant questions.'" United States v. Tsui, 646 F.2d 365, 367-68 (9th Cir. 1981).  "This exception . . . is a narrow one, only applicable where the trial judge has some special or extensive knowledge of the case that allows evaluation of the claimed fifth amendment privilege even in the absence of specific questions to the witness." United States v. Moore, 682 F.2d 853, 856 (9th Cir. 1982).

In United States v. Tsui, defendant was charged with tax violations related to real estate transactions with an industrial loan company, whose vice president was under investigation for allegedly receiving bribes in connection with the charged deals. Defendant called the vice president as a witness at trial, who refused to testify as to "all substantive questions." Tsui, 646 F.2d at 366.  The district court accepted this "blanket" assertion. Id.  The Ninth Circuit found that this case fell within the exception to the Pierce rule because "[t]he District Court knew from the Government's case-in-chief that [the witness] was up to his neck in criminal investigations and that further passing-of-the-blame questioning would only lead to answers which would, in all probability, furnish a link in the chain of evidence needed to

3

prosecute [the witness] or lead to evidence having a tendency to incriminate him." Id. at 367-68.

Similarly, in United States v. Klinger, the district court accepted a witness's refusal to answer all "non-collateral" questions without conducting a hearing with the witness. 128 F.3d 705, 709 (9th Cir. 1997). Noting that "our case law does not mandate such a hearing," the Court found sufficient that the court had conducted a "thorough colloquy" with counsel for both sides and had relied on the witness's counsel's representation that the witness would invoke the privilege as to all but one, irrelevant question. Id. at 709-10; see also United States v. Flores-Blanco, 623 F.3d 912, 918 (9th Cir. 2010) (district court did not plainly err in accepting co-defendant Fernandez's invocation of the Fifth Amendment privilege without an evidentiary hearing, where defendant Flores-Blanco proffered that it was Fernandez who really did the crime and any questioning would have incriminated Fernandez); United States v. Thornton, 733 F.2d 121, 126-67 (D.C. Cir. 1984) (district court did not err in accepting blanket assertion despite defense request for an evidentiary hearing); United States v. Diaz, 237 Fed. App'x 282, 283 (9th Cir. 2007) ("Since Diaz's lawyer admitted that Mrs. Diaz would invoke the Fifth to most of his questions, no hearing was necessary"); Woods v. Adams, 631 F. Supp. 2d 1261, 1294 (C.D. Cal. 2009) aff'd, 429 F. App'x 658-59 (9th Cir. 2011) (trial judge did not err where acceptance of blanket assertion was based on "prosecutor's representation's and the judge's own obvious grasp of the facts and issues").

### III. DEFENDANT IS NOT ENTITLED TO OFFER INADMISSIBLE EVIDENCE, WHICH INCLUDES PRIVILEGED TESTIMONY

The Supreme Court has made clear that "[t]he accused does not have an unfettered right to offer testimony that is incompetent, *privileged*, or otherwise inadmissible under standard rules of evidence." Taylor v. Illinois, 484 U.S. 400, 410 (1988) (emphasis added). Thus, the right to present a defense does not displace the rules of evidence and testimonial privileges. See, e.g., Valdez v. Winans, 738 F.2d 1087, 1089-90 (10th Cir. 1984) (addressing attorney-client privilege); United States v. Lea, 249 F.3d 632, 642-43 (7th Cir. 2001) (marital privilege). As such, the Ninth Circuit and others have held that a defendant's right to present a defense does not include the right to compel a witness to waive his Fifth Amendment privilege against self-incrimination. United States v. Serrano, 406 F.3d 1208, 1215 (10th Cir. 2005); United States v. Moussaoui, 382 F.3d 453, 466-67 (4th Cir. 2004); United States v. Bowling, 239 F.3d 973, 976 (8th Cir. 2001); United States v. Gaitan-Acevedo, 148 F.3d 577, 588 (6th Cir. 1998); United States v. Vavages, 151 F.3d 1185, 1191-92 (9th Cir. 1998); United States v. Edmond, 52 F.3d 1080, 1109 (D.C. Cir. 1995); United States v. De La Cruz, 996 F.2d 1307, 1312 (1st Cir. 1993); United States v. Hernandez, 962 F.2d 1152, 1161 (5th Cir. 1992); United States v. Turkish, 623 F.2d 769, 774 (2nd Cir. 1980); see also, Fed. R. Evid. 402 (noting prohibition on evidence that is barred by the United States Constitution).

The law, thus, makes clear that the defendant does not have a right to the potential witness' testimony, if the witness invokes his or her right against self-incrimination. Earl v. United States, 361 F.2d 531 (D.C. Cir. 1966). In Earl v. United States, the

1  defense called a witness whom the defense believed would provide an
2  alibi for the defendant.  361 F.2d at 532.  The charges against that
3  particular witness had been dismissed, and he had pled guilty to
4  another transaction.  The witness, nonetheless, invoked the Fifth
5  Amendment right against self-incrimination, and the district court
6  upheld his refusal to testify on Fifth Amendment grounds.  Id.  The
7  district court also rejected the defendant's argument that the
8  government should be required to immunize the witness in order to
9  compel his testimony.  The witness, thus, did not testify, and the
10 defendant's conviction was affirmed on appeal.  361 F.2d at 535.
11      The Ninth Circuit has also "emphatically rejected the argument
12 that the Sixth Amendment provides a defendant with a right to demand
13 immunity for defense witnesses who invoke their privilege against
14 self-incrimination."  United States v. Baker, 10 F.3d 1374, 1414
15 (9th Cir. 1993) (internal quotation marks omitted), overruled on
16 other grounds, United States v. Nordby, 225 F.3d 1053, 1059 (9th
17 Cir. 2000); see also, United States v. Westerdahl, 945 F.2d 1083,
18 1086 (9th Cir. 1991); United States v. Duran, 189 F.3d 1071, 1087
19 (9th Cir. 1999) (holding that immunity is an executive function, not
20 a judicial function).  While a narrow exception to the general
21 proscription against requiring the government to seek immunity for a
22 defense witness applies "where the fact finding process is
23 intentionally distorted by prosecutorial misconduct, and the
24 defendant is thereby denied a fair trial" (Westerdahl, 945 F.2d at
25 1086), those factors and the requisite showing to support the
26 exception are not present here.  See, e.g., United States v. Straub,
27 538 F.3d 1147, 1156 (9th Cir. 2008) (quoting United States v.
28

Williams, 384 F.3d at 600); see also United States v. Wilkes, 662 F.3d 524, 533-34 (9th Cir. 2011).

In this case, defendant has not identified any witness it intends to call at trial. More to the point, No potential witness has represented that he or she would invoke his or her right against self-incrimination. Ultimately, the law makes clear that defendant is not entitled to offer inadmissible evidence. That specifically includes testimony that is prohibited by the right against self-incrimination. To hold otherwise would not only be contrary to law, but it would essentially enable a defendant to evade prosecution simply by calling a co-defendant or other witness who would then refuse to testify under the Fifth Amendment. That is not the law. Moreover, and as discussed further herein, defendant also cannot assert any inference based on a witness' decision to invoke his or her Fifth Amendment rights. To hold differently would also be contrary to the law.

**IV. DEFENDANT ALSO CANNOT REFER TO OR ELICIT WITNESSES' INVOCATION OF THE FIFTH AMENDMENT BEFORE THE JURY**

While defendant has not identified any witnesses, and no witness has stated he or she would invoke the right against self-incrimination, it is also clear that defendant cannot compel a witness to invoke the Fifth Amendment before the jury or argue that any inference should be drawn from an invocation. United States v. Morris, 988 F.2d 1335, 1340-41 (4th Cir. 1993) (defendant cannot

7

base a case on improper inferences).[1]

Testimony in which a witness invokes the Fifth Amendment, per se, is not relevant under Rule 401. Such an invocation has no tendency to make a "fact . . . of consequence" more or less probable. See Fed. R. Evid. 401. In general, a refusal to answer based on the Fifth Amendment is not a permissible basis for inferring how the witness would have answered, absent the privilege. United States v. Castillo, 615 F.2d 878, 884 (9th Cir. 1980). To the extent that the assertion of a privilege has any evidentiary weight, such weight is outweighed by unfair prejudice and risk of confusion. See Fed. R. Evid. 403. Defendant, thus, may not comment on the absence of any witnesses whose absence resulted from the invocation of the Fifth Amendment, because a refusal to answer based on the Fifth Amendment is not a permissible basis for inferring how the witness would have answered, absent the privilege. Castillo, 615 F.2d at 884. Furthermore, as numerous courts including the Ninth Circuit have recognized, a witness who invokes his or her Fifth Amendment right not to testify does not justify a missing-witness instruction. United States v. Brutzman, 731 F.2d 1449, 1453-54 (9th Cir. 1985), abrogation on other grounds recognized by United States v. Trinh, 60 F.3d 835, n.1 (9th Cir. 1995)

---

[1] Indeed, ethical standards for both prosecutors and criminal defense attorneys prohibit calling witnesses in order for them to invoke the Fifth Amendment before a jury. See American Bar Association, Project on Standards Relating to the Administration of Criminal Justice 97, 132 (1974) (neither prosecutor nor defense counsel may call witness who will assert privilege); American Bar Association Standards Relating to the Administration of Criminal Justice, Standard 4-7.6(c) for the Defense Function ("Defense counsel should not call a witness in the presence of the jury who the lawyer knows will claim a valid privilege not to testify.").

(unpublished).  Accord <u>United States v. Raphael</u>, 487 Fed. Appx. 490, 500 (11th Cir. 2012) (reviewing cases).

The law, thus, repeatedly recognizes that the defendant does not have a right to offer inadmissible evidence, including testimony that is otherwise barred by the privilege against self-incrimination.  Neither is defendant entitled to an inference or claim of prejudice arising from an invocation, or even potential invocation; because the law holds that it is not entitled to offer such evidence.  Any assertion to the contrary is simply contrary to the law.

Dated: June 12, 2018

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

　　/s/*Christopher Brunwin*
CHRISTOPHER BRUNWIN
STEVEN R. WELK
Assistant United States Attorneys

Attorneys for Plaintiff

UNITED STATES OF AMERICA

9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28