NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
CHRISTOPHER BRUNWIN (California State Bar Number 158939)
Assistant United States Attorney
Violent & Organized Crime Section
STEVEN R. WELK (California State Bar Number 149883)
Assistant United States Attorney
Chief, Asset Forfeiture Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4242/6166
    Facsimile: (213) 894-3713
    E-mail:    Christopher.brunwin@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>          v.<br><br>MONGOL NATION,<br>  An unincorporated association,<br><br>       Defendant. | No. CR 13-106(A)-DOC<br><br><u>UNITED STATES' OBJECTION TO<br>DEFENDANT'S EXPERT WITNESSES</u> |

I.   INTRODUCTION

Defendant Mongol Nation is charged with racketeering, in violation of Title 18 of the United States Code, Section 1962(c), and conspiracy to commit racketeering, in violation of Title 18 of the United States Code, Section 1962(d).  *See* First Superseding Indictment (CR 169).  Trial is set to commence on October 30, 2018.

On October 26, 2018, defendant filed its First Amended Witness List.  (CR 222).  The list identifies six purported expert witnesses whom defendant intends to call at trial.  The substance of their testimony, however, is described with statements like "He knows the ins and outs of the organization.  He knows there is no distinctiveness between the Mongols Nation motorcycle club and the Mongols Gang"; "Dr. Dulany is of the opinion that media create false myths about motorcycle clubs"; "Jesse Ventura will give the history of the Mongols and the relationship the Mongols had with other Clubs"; "Michael Dinardo will testify a collective membership cannot be forfeited"; "Lisa will testify about the organization and structure of the Club"; and "Mr. Barnes will testify to the relationship between law enforcement and bikers."  The United States submits that the descriptions do not identify admissible testimony under the Federal Rules and are contrary to the prior admonitions of the Court.  Moreover, the descriptions of the witnesses' expert qualifications appear deliberately vague, but do reflect that their qualifications are not sufficient and their testimony would not be admissible as expert opinion.

The United States, therefore, objects to the testimony identified by the defendant as irrelevant and inadmissible under the Federal Rules.

## II. BACKGROUND

The background for this case is set forth in this and other memoranda submitted by the government in opposition to defendant's prior Motions. In sum, the Grand Jury returned the Indictment in this matter on February 13, 2013. *See* Indictment (CR 1). The Grand Jury returned the First Superseding Indictment on May 17, 2018. (CR 169). The First Superseding Indictment is in two counts: Count One sets forth the substantive charge of racketeering, in violation of Title 18 of the United States Code, Section 1962(c); and Count Two charges the conspiracy to commit racketeering offenses, in violation of Title 18 of the United States Code, Section 1962(d). Count One of the Indictment also includes an introductory section, which describes the nature of the organization, its structure, leadership, use of registered collective membership marks, disciplinary practices, criminal activities, and eleven predicate racketeering crimes. *See* First Superseding Indictment, at pp. 1-19 (¶¶ 1-48). This includes a description of the conduct for which the gang rewards its members, including killing on behalf of the gang, engaging in acts of violence, and assaults, among others. The Indictment also describes the racism of the organization and race-motivated crimes. *Id.*

Count Two sets forth allegations to describe the conspiracy, its means, and overt acts, which range from March 16, 2002 through March 12, 2018. Indictment, at pp. 20-32 (¶¶ 49-112). The First Superseding Indictment also includes a Forfeiture Allegation. Indictment, at pp. 33-36 (¶¶ 113-117).

On October 26, 2018, defendant filed its First Amended Witness List, which states that defendant intends to call six purported expert witnesses at trial. (CR 222). The descriptions of the

intended testimony from the six are vague. The first expert witness is described as "know[ing] the ins and outs of the organization" and that "there is no distinctiveness between the Mongols Nation motorcycle club and the Mongols Gang." (List at 4). The second would apparently testify that "media create false myths about outlaw motorcycle clubs." (List at 5). A third witness "will give the history of the Mongols" (List at 7), and the fourth witness "will testify that a collective membership mark cannot be forfeited." (List at 8). Defendant intends to call another witness to "testify about the organization and structure of the Club" (List at 9), and the sixth expert witness plans to "testify to the relationship between law enforcement and bikers." (List at 10). The descriptions of the witnesses' qualifications are extremely cursory. One witness is described in only two sentences. List at 10.

As stated, the United States submits that the purported testimony appears to be irrelevant, because it does not describe a proper subject matter for expert testimony. Moreover, the submissions do not describe sufficient qualifications for any of the witnesses to offer exert testimony under the Federal Rules.

III. ARGUMENT

The admissibility of expert testimony is governed by Rule 702 of the Federal Rules of Evidence. Fed. R. Evid. 702. Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education, may testify in the form of an opinion or otherwise, if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert

      witness has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *Kumho Tire Co. v. Carmichael*, 119 S. Ct. 1167 (1999).

      Under Rule 702, "the trial judge must ensure that any and all [expert] testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 589. The Court is to serve a gatekeeping function to assess the reasoning and methodology that underlies the proposed testimony, as well as the qualifications of the witness and the relevance of the testimony the witness would offer. *Id.*; *Barabin v. AstenJohnson, Inc.*, 700 F.3d 428, 430 (9th Cir. 2012). In *Kumho Tire*, the Supreme Court clarified that the gatekeeper function applies to all expert testimony, not just testimony based on science. 119 S. Ct. at 1178. Hence, in order for the testimony to be admissible, the Court must determine that (1) the witness is qualified "by knowledge, skill, experience, training, or education" to offer the opinion; (2) the proposed areas of testimony are relevant; and (3) the testimony is reliable (*i.e.*, that the testimony satisfies the *Daubert* standard).

      As discussed herein, the descriptions defendant has provided do not appear to describe relevant expert testimony under the Federal Rules. Moreover, the witnesses do not appear to be qualified to offer expert opinion testimony in this case, and defendant does not appear to have attempted to provide adequate disclosure of the qualifications of the purported witnesses.

### 1. Donald Davis

Defendant states, vaguely, that its first expert witness "knows the organizational structure of the Mongols," that he "knows the ins and outs of the organization," and also that he "knows there is no distinctiveness between the Mongols Nation motorcycle club and the Mongols Gang." *See* List, at 4. These unspecific assertions do not appear to describe an appropriate subject for expert testimony -- one that, under Rule 702, "will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Expert testimony is also not admissible for a legal issue where the testimony would encroach upon the Court's authority to instruct the jury on the law. *See, e.g., Specht v. Jenson*, 853 F.2d 804, 807-09 (10th Cir. 1988); *United States v. Burton*, 737 F.2d 439, 443 (5th Cir. 1984). Further, the disclosure does not identify any qualification of the witness as an expert. It describes the witness essentially as the author of a "blog." List at 5. There is no description of any education, professional training, employment, or experience to suggest that he would be qualified to testify as an expert on any issue, and there is no description of any "scientific, technical, or other specialized knowledge" as required by Rule 702. Fed. R. Evid. 702(a).

### 2. William Dulaney

Defendant states that its second expert, William Dulaney, "is of the opinion that media create false myths about outlaw motorcycle clubs." List at 5. Again, the statement is argument and does not describe relevant expert testimony.

### 3. Jesse Ventura

Defendant next states that "Jesse Ventura will give the history of the Mongols and the relationship the Mongols had with other Clubs." List at 7. Once again, that does not appear to describe expert opinion. Ventura will also be offered to testify that the Mongols are a "club" and not a "gang," that "there is no distinctiveness," and "police may be more feared than motorcycle clubs." *Id.* These statements also appear to describe arguments which defendant has repeatedly made and which the Court has previously addressed and rejected. They do not describe testimony that "will help the trier of fact to understand the evidence or determine a fact in issue." Fed. R. Evid. 702(a).

### 4. Michael Dinardo

Defendant intends to offer Michael Dinardo, who "will testify a collective membership cannot be forfeited." List at 8. The statement, even if offered with some support, is not relevant to any issue for the jury at trial. The forfeitability of the marks is a sentencing matter that is ripe only *after* the defendant's conviction, which is why this Court properly ordered the forfeiture bifurcated from the trial of the substantive counts in the First Superseding Indictment. It is not admissible under Rule 702.

### 5. Lisa Ling

Defendant states that it will also offer Lisa Ling to testify about the "organization and structure of the Club" and that "there is no distinctiveness." List at 9. Again, the description does not describe expert testimony, nor does the brief summary appear to describe qualifications to offer expert opinion on an issue for trial in this case. Rule 702(a) refers to qualifications based on

"scientific, technical, or other specialized knowledge." Fed. R. Evid. 702(a). There is none described here.

### 6. Scott Barnes

Finally, defendant states that it will also offer testimony from Scott Barnes, whom defendant represents to be a "former member of law enforcement, working in that capacity for many years." List at 10. Defendant asserts that Barnes "will testify to the relationship between law enforcement and bikers, specifically Mongols and Hells' Angels." *Id*. The very brief summary appears without any further explanation or support. Hence, it cannot be seen to identify any testimony that would be relevant at trial.

The summary of Barnes' qualifications is also oddly incomplete. It states only that "Mr. Barnes is a retired law enforcement official who was with the Biker Enforcement Team Unit. Mr. Barnes testified in multiple criminal cases involving biker clubs." That is all: two sentences. It does not name any actual law enforcement agency for whom Barnes purportedly worked. It does not include any dates of employment. It does not identify any cases or testimony it represents that he has given. It does not describe any training, education or expertise. It does not provide contacts to corroborate the cryptically vague, two-sentence description of Barnes' qualifications. It is obviously inadequate and insufficient to qualify him as an expert witness. Moreover, available open source material concerning Mr. Barnes raises serious concerns about his qualifications to offer expert testimony on any issue relevant to the issues in this case, and there is no indication of qualifications in the submission.

## IV. CONCLUSION

As stated, defendant's submission appears to describe six witnesses whose testimony would not meet the requirements of Rule 702 of the Federal Rules of Evidence. Moreover, the submission appears to violate the Court's prior admonitions that it would not permit testimony from outside witnesses to offer generalized assertions and testimony about gang activity. The United States, therefore, objects to the testimony described as irrelevant and inadmissible at trial, especially in light of the earlier direction from this Court.

Dated: October 28, 2018                     Respectfully submitted,

                                                            NICOLA T. HANNA
                                                            United States Attorney

                                                            LAWRENCE S. MIDDLETON
                                                            Assistant United States Attorney
                                                           Chief, Criminal Division

                                                              /s/*Christopher Brunwin*
                                                           CHRISTOPHER BRUNWIN
                                                           STEVEN R. WELK
                                                           Assistant United States Attorneys

                                                           Attorneys for Plaintiff
                                                           UNITED STATES OF AMERICA