Joseph A. Yanny, Esq. (SBN 97979)
YANNY & SMITH
1801 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone: (310) 551-2966
Facsimile: (310) 551-1949
jyanny@yannylaw.com

Attorneys for Defendant,
**Mongols Nation**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America<br>　　　　Plaintiff,<br><br>vs.<br><br><br>Mongols Nation,<br>　　　　Defendant. | Case No.: CR 13 00106 DOC<br><br>**DEFENDANT'S OBJECTION TO PLAINTIFF'S ALLEGED EXPERT WITNESS**<br><br><br>**Trial Date:** October 30, 2018<br>**Trial Time:** 8:30 a.m.<br>**Judge:** Honorable David O. Carter<br>**Courtroom**: 9D |

## I.   INTRODUCTION

Defendant, Mongols Nation, is charged with racketeering, in violation of Title 18 of the United States Code, Section 1962(c), and conspiracy to commit racketeering, in violation of Title 18 of the United States Code, Section 1962(d).  See First Superseding Indictment (CR 169).  Trial is set to commence on October 30, 2018.

On June 14, 2018, the United States offered its witness list. The list identifies ninety-five (95) witness and one (1) purported expert witness (Darrin Kozlowski) whom Plaintiff intends to call at trial. The substance of the expert witness' testimony, however, is not described AT ALL. Defendant, Mongols Nation, submits that the description (or lack thereof) does not identify admissible testimony under the Federal Rules and are contrary to the prior admonitions of the Court.  Moreover, the descriptions of the witness' expert qualifications are non-existent and reflect that their qualifications are not sufficient and their testimony would not be admissible as expert opinion.

Defendant, therefore, objects to the alleged "expert" testimony identified by the Plaintiff as inadmissible under the Federal Rules.

## II.   ARGUMENT

The admissibility of expert testimony is governed by Rule 702 of the Federal Rules of Evidence. Fed. R. Evid. 702.  Rule 702 provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education, may testify in the form of an opinion or otherwise, if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert witness has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *Kumho Tire Co. v. Carmichael*, 119 S. Ct. 1167 (1999).

Under Rule 702, "the trial judge must ensure that any and all [expert] testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 589. The Court is to serve a gatekeeping function to assess the reasoning and methodology that underlies the proposed testimony, as well as the qualifications of the witness and the relevance of the testimony the witness would offer. *Id.*; *Barabin v. AstenJohnson, Inc.*, 700 F.3d 428, 430 (9th Cir. 2012). In *Kumho Tire*, the Supreme Court clarified that the gatekeeper function applies to all expert testimony, not just testimony based on science. 119 S. Ct. at 1178. Hence, in order for the testimony to be admissible, the Court must determine that (1) the witness is qualified "by knowledge, skill, experience, training, or education" to offer the opinion; (2) the proposed areas of testimony are relevant; and (3) the testimony is reliable (i.e., that the testimony satisfies the *Daubert* standard).

The description for Plaintiff's alleged "expert" witness is NON-EXISTENT. The only identification given to denote the expert witness is an asterisk (*) symbol next to Darrin Kozlowski's name. There is no opinions description section for the alleged "expert" witness. There is no basis and reasons for opinions section for the alleged "expert" witness. There is no witness qualifications section for the alleged "expert" witness. There is nothing to aid the Court in assessing Darrin Kozlowski's qualifications and nature of testimony. The description is not merely vague and cursory; it is missing entirely. Because of this failure to provide the necessary qualifications for the alleged "expert" witness, Defendant objects to the testimony as inadmissible at trial.

## III.    CONCLUSION

As stated, Plaintiff's submission fails to describe the alleged "expert" witnesses. Therefore, this testimony would not meet the requirements of Rule 702 of the Federal Rules of Evidence. Thus,

DEFENDANT'S OBJECTION TO PLAINTIFF'S ALLEGED EXPERT WITNESS

1    Defendant objects to the testimony of alleged "expert" witness Darrin Kozlowski as inadmissible at trial,

2    especially in light of the earlier direction from this Court.

3

4

5                                                                   Respectfully submitted,

6

7

8    Dated: Oct 28, 2018                          By:          */s/ Joseph A. Yanny*

9                                                              JOSEPH A. YANNY, SENIOR PARTNER
                                                               YANNY & SMITH
10                                                             Attorney for Defendant, Mongols Nation

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S OBJECTION TO PLAINTIFF'S ALLEGED EXPERT WITNESS