NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK (Cal. Bar No. 149883)
Assistant United States Attorney
Chief, Asset Forfeiture Section
CHRISTOPHER BRUNWIN (Cal. Bar No. 158939)
Assistant United States Attorney
Violent and Organized Crime Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:    (213) 894-6166/4242
    Facsimile:    (213) 894-3713
    E-mail:    Steven.Welk@usdoj.gov
             Christopher.Brunwin@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        vs.<br><br>MONGOL NATION,<br> an unincorporated association,<br><br>        Defendant. | No. CR 13-106(A)-DOC<br><br>**PLAINTIFF'S MEMORANDUM RE FORFEITURE JURY INSTRUCTION CONCERNING "PROPERTY SUBJECT TO FORFEITURE FOR RICO CONVICTION"** |

Plaintiff United States of America ("the government") submits this memorandum in an attempt to clarify its objection to the Court's decision to omit language that the government requested be included in the proposed forfeiture jury instruction titled "Property Subject to Forfeiture for RICO Violation."

1

The Court ordered that the following language be excluded from the instruction to be read to the jury as part of the criminal forfeiture phase of the trial in the event of a conviction:

> The law requires the forfeiture of interests to remove the sources of a defendant's power over the enterprise. Under this section, any property interest or position of the defendant, either directly or indirectly part of the enterprise, but which allows the defendant to exert control or influence over the enterprise, may be forfeitable. Any property that the defendant used to promote or further the affairs of the enterprise, affords a source of influence over the enterprise and is, therefore, subject to forfeiture.  The government's right of forfeiture includes defendant's entire interest in the enterprise, even though some part of the enterprise may not be tainted by racketeering activity.

The forfeitability of a convicted RICO defendant's entire interest in the enterprise, regardless of taint, is a foundational aspect of RICO forfeiture law, for which, to the government's knowledge, there is no contrary authority.  The authority supporting this proposition is found in Supreme Court opinions and opinions from no less than eight Circuit courts, including the Ninth.  *See, e.g.*, *Russello v. United States*, 464 U.S. 16, 26 (1983) (Congress enacted RICO "to provide new weapons of unprecedented scope for an assault upon organized crime and its economic roots"); *United States v. Busher*, 817 F.2d 1409, 1413 (9th Cir. 1987) (the forfeiture provisions of §1963 are "purposely broad . . .[,] designed to totally separate a racketeer from the enterprise he operates"; "forfeiture is not limited to those assets of a RICO enterprise that are tainted by use in connection with racketeering activity, but rather extends to the convicted person's entire interest in the enterprise.");  *United States v. Angiulo*, 897 F.2d 1169, 1211 (1st Cir. 1990) ("any interests in an enterprise, including the enterprise itself, are subject to forfeiture in their entirety, regardless of whether some portion of the enterprise is

2

not tainted by the racketeering activity"); *United States v. Segal*, 495 F.3d 826, 838-39 (7th Cir. 2007) (defendant's entire interest in the enterprise is forfeitable under § 1963(a)(2); if a business is forfeited, so are all of its assets, including any subsidiary business that is wholly owned by the forfeited business; there need not be an independent basis for the forfeiture of the wholly-owned subsidiary); *United States v. Sarbello*, 985 F.2d 716, 724 & n.13 (3d Cir. 1993) (under RICO, 100 percent of a defendant's interest in the enterprise is subject to forfeiture, even if those "interests are acquired legitimately and the enterprise is primarily engaged in legitimate activity"); *United States v. Anderson*, 782 F.2d 908, 918 (11th Cir. 1986) ("a defendant's conviction under the RICO statute subjects all his interests in the enterprise to forfeiture 'regardless of whether those assets were themselves 'tainted' by use in connection with the racketeering activity'"), relying upon *United States v. Cauble*, 706 F.2d 1322, 1359 (5th Cir. 1983); *United States v. Porcelli*, 865 F.2d 1352, 1364 (2d Cir. 1989) ("a RICO enterprise found in violation of section 1962(c) is indivisible and is forfeitable in its entirety"); and *United States v. Najjar*, 300 F.3d 466, 485 (4th Cir. 2002) (all of the assets of a corporation convicted of a RICO offense are subject to forfeiture under section 1963). *See also, United States v. BCCI Holdings (Luxembourg) S.A. (Petition of Pacific Bank)*, 956 F. Supp. 5, 12 (D.D.C. 1997) (even untainted property received by the enterprise after the racketeering activity had ceased is subject to forfeiture under subsection (a)(2)(A) because "all of a RICO defendant's interests in an enterprise, including the enterprise itself, are subject to forfeiture in their entirety, regardless of whether some portion of the enterprise is untainted by racketeering activity").

The government contends that the jury should be instructed on the full reach of the RICO criminal forfeiture provision – *i.e.*, that it extends to the convicted defendant's interest in the entirety of the enterprise - and believes that the instruction in its current form does not accurately reflect the state of applicable

law.   On that basis, the government respectfully requests that the quoted language above be restored to the proposed instruction.


DATED: December 10, 2018     NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

_____/s/ Steven R. Welk_____
STEVEN R. WELK
CHRISTOPHER BRUNWIN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

4