FILED
CLERK, U.S. DISTRICT COURT

1/11/19

CENTRAL DISTRICT OF CALIFORNIA
BY: D.L. DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v<br><br>MONGOL NATION, AN UNINCORPORATED ASSOCIATION,<br><br>Defendant(s) | CASE NO. CR 13-0106-DOC<br><br>**JURY INSTRUCTIONS** |

## COURT'S FORFEITURE INSTRUCTION NO. _1_
### [Criminal Forfeiture Phase of Trial]

Members Of The Jury: Your verdict in this case doesn't complete your jury service as it would in most cases because there is another matter you must now consider.

You must decide whether the Defendant Mongol Nation should forfeit Collective Membership Marks and other property to the United States as part of the penalty for the crimes charged in Counts One and Two of the First Superseding Indictment.

In a portion of the First Superseding Indictment not previously discussed or disclosed to you, it is alleged that the Defendant Mongol Nation acquired or maintained certain Collective Membership Marks from the United States Patent and Trademark Office and other property from committing the offenses charged. In view of your verdict finding the Defendant Mongol Nation guilty of those offenses, you must also decide whether the Collective Membership Marks and other property should be forfeited to the United States.

To "forfeit" a thing is to be divested or deprived of the ownership of it as a part of the punishment allowed by the law for certain criminal offenses.

To decide whether the Collective Membership Marks and other property should be forfeited, you should consider all the evidence you have already heard plus any additional evidence that will be presented to you after these instructions.

# COURT'S FORFEITURE INSTRUCTION NO. 2
## [Forfeiture Proceeding Follows Guilty Verdict]

While deliberating concerning the issue of forfeiture, you must not reexamine your previous determination regarding the Defendant Mongol Nation's guilt. However, all the instructions previously given to you concerning duties of the jury, your consideration of the evidence, what is and is not evidence, the credibility of the witnesses, expert testimony, your duty to deliberate together, your duty to base your verdict solely on the evidence without prejudice, bias, or sympathy, and the necessity of a unanimous verdict, will continue to apply during these supplemental deliberations. The specific instructions I gave you earlier concerning Counts One and Two, and the definitions, including the definitions of the "enterprise" and "pattern of racketeering activity," also continue to apply.

# COURT'S FORFEITURE INSTRUCTION NO. 3
## [Scope of Jury's Determination]

Your duty at this phase of the proceeding is solely to determine whether the government has proven the required connection between the property sought for forfeiture and the offense(s) for which you have found the Defendant Mongol Nation guilty. You should not consider what might happen to the property in determining whether the property is subject to forfeiture; the disposition of any property that is declared forfeited is exclusively a matter for the Court to decide. Your sole task is to decide whether the Defendant Mongol Nation's interest in the property, whatever that interest may be, is subject to forfeiture under the racketeering law.

# COURT'S FORFEITURE INSTRUCTION NO. 4
## [Property Subject to Forfeiture for RICO Conviction]

Under federal law, any defendant convicted of one or more violations of substantive RICO and/or RICO Conspiracy, shall forfeit to the government any property that constitutes: (1) an interest the defendant acquired or maintained as a result of the violation of which it was found guilty; (2) an interest in any enterprise, security of any enterprise, claim against any enterprise, or any property or contractual right of any kind affording a source of influence over any enterprise that the defendant established, operated, controlled, conducted, or participated in the conduct of as part of the offense; and (3) any property constituting or derived from any proceeds that the defendant obtained, directly or indirectly, from racketeering activity. If the Government seeks forfeiture of specific property, you must determine whether the Government has established the requisite nexus, which is a connection or link between the property and the offenses.

Property subject to forfeiture for a violation of substantive RICO and/or RICO Conspiracy includes both tangible and intangible personal property of the defendant, including rights, privileges and interests.

# COURT'S FORFEITURE INSTRUCTION NO. 5
## [Property Sought For Forfeiture]

The government seeks to forfeit the following property pursuant to the findings of guilt on each of Counts One and Two:

1. Any and all legal and equitable rights of any kind or nature associated with or appurtenant to the Collective Membership Mark consisting of the word "Mongols" (the "Word Mark") that, at various times, was or is registered with the United States Patent and Trademark Office ("USPTO") under registration numbers 2916965, 4406187 and 4730806, whether for the purposes of commerce, associative purpose, or any other purpose, whether in connection with promoting the interests of persons interested in the recreation of riding motorcycles or otherwise, and which has been used by Defendant Mongol Nation, among other uses, as the top rocker of the three-piece patch awarded to full-patch and probationary members of the Defendant Mongol Nation.



2. Any and all legal and equitable rights of any kind or nature associated with or appurtenant to the Collective Membership Mark consisting of the drawn image of a Genghis Khan-type character with sunglasses and a ponytail, riding a motorcycle, with the letters "M.C." appearing below the motorcycle (the "Center Patch Image"), that, at various times, was or is registered with the USPTO under registration numbers 3076731 and 4730806, whether for the purposes of commerce, associative purpose, or any other purpose, whether in connection with promoting the interests of persons interested in the recreation of riding motorcycles or otherwise, and which has been used by Defendant Mongol Nation, among other uses, as the center patch of the three-piece patch awarded to full-patch, probationary and prospective members of the Defendant Mongol Nation.



3. Any and all legal and equitable rights of any kind or nature associated with or appurtenant to the Collective Membership Mark consisting of both the Word Mark ("Mongols") and the Center Patch Image that, at various times, were or are registered with the USPTO under registration

number 4730806, whether for the purposes of commerce, associative purpose, or any other purpose, whether in connection with promoting the interests of persons interested in the recreation of riding motorcycles or otherwise, and which has been used by Defendant Mongol Nation, among other uses, as the top rocker and center patch of the three-piece patch awarded to full-patch and probationary members of the Defendant Mongol Nation.



4. Items of tangible personal property bearing the Word Mark ("Mongols") and/or all or part of the Center Patch Image, to include patches, clothing, belts, belt buckles, jewelry, lighters, bandanas, stickers, flags or

pennants, hats, helmets, documents, accessories, and motorcycle parts, which items were seized by state, local or federal law enforcement agencies, and are currently in the custody of the United States, as a result of the investigation by the United States Bureau of Alcohol, Tobacco, Firearms & Explosives into the racketeering and overt acts alleged in the First Superseding Indictment, including but not limited to leather vests bearing the Collective Membership Marks of the Defendant Mongol Nation.

5. All weapons, body armor, firearms and ammunition entered into evidence in this action.

# COURT'S FORFEITURE INSTRUCTION NO. 6
## ["Collective Membership Mark" Defined]

A collective membership mark is a type of mark used to identify membership in a particular collective group or organization, cooperative, or association. Collective membership marks are unique in that they are used solely for the purpose of identifying the person displaying the mark as a member of a collective. Registration of a mark is prima facie evidence of the validity of the mark and of the registration of the mark, of the owner's ownership of the mark, and of the owner's exclusive right to use the registered mark. Rights associated with a mark, such as the ability to exclude others from using the mark, are acquired by the first use of the mark and not merely by registration. To maintain rights in a mark there must be a continuing use.

# COURT'S FORFEITURE INSTRUCTION NO. 7
## [Property Acquired or Maintained in Violation of RICO]

Property is "acquired" in violation of the RICO ACT if the Defendant Mongol Nation came to own it as a result of the conduct of which it has been found guilty in Counts One and/or Two, or if it paid for the property with proceeds of the illegal conduct. Property is "maintained" in violation of the RICO ACT if the Defendant Mongol Nation keeps it by committing the criminal acts alleged in Counts One and/or Two, or it used proceeds of the illegal acts to keep it.

The government's right of forfeiture includes the entirety of property interests and proceeds which were acquired or maintained by the Defendant Mongol Nation as a result of a pattern of racketeering activity. If the Defendant Mongol Nation bought the property with proceeds of illegal activity, the property is forfeitable, even if it was never used in connection with any subsequent illegal activity. The government's right of forfeiture is not limited to what property or proceeds are left over or unspent now, at the time of conviction. Finally, the property interest is acquired or maintained if the proceeds from racketeering activity provided all or some substantial and significant part of the moneys used to acquire or maintain the interest.

## COURT'S FORFEITURE INSTRUCTION NO. 8
### [Property Affording a Source of Influence Over the Enterprise]

Any property that the Defendant Mongol Nation used to promote or further the affairs of the enterprise, affords a source of influence over the enterprise.

## COURT'S FORFEITURE INSTRUCTION NO. 9
### [Property Affording an Interest]

Property is an "interest" in an enterprise if it is property which carries with it some right of ownership in the enterprise.

Case 2:13-cr-00106-DOC   Document 345   Filed 01/11/19   Page 13 of 18   Page ID #:2966

# COURT'S FORFEITURE INSTRUCTION NO. 10
## [Property Constituting Proceeds of the Enterprise]

Property constitutes "proceeds" or is "derived from proceeds" of the violation of the RICO statute if it represents assets acquired as a result of the illegal conduct, or assets acquired with the proceeds of the illegal conduct. A property interest represents the proceeds of the RICO violation when the proceeds derived from racketeering activity were the source of the funds, directly or indirectly, used to acquire or to maintain that property interest. In other words, the "proceeds" from a RICO violation include both the money derived from the RICO violation and any object or property later purchased or maintained with the money.

As used in these instructions, "proceeds" means gross proceeds; in other words, all sums obtained from the illegal activity, without regard to any overhead expenses that the Defendant Mongol Nation may have paid in order to obtain these sums.

# COURT'S FORFEITURE INSTRUCTION NO. _11_
## [Standard of Proof]

With two important exceptions, all of my previous instructions will continue to apply to these deliberations. The first exception is that during this phase, the government's burden is not proof beyond a reasonable doubt, but instead is proof by a preponderance of the evidence, which I will define for you in a moment. The second exception is that during this phase, you will consider a component of the potential punishment to be imposed on the Defendant Mongol Nation, but your sole task is to determine whether the government has established, by a preponderance of the evidence, the required connection between the crimes of which the Defendant Mongol Nation has been convicted and the property sought for forfeiture.

## COURT'S FORFEITURE INSTRUCTION NO. 12
### [Preponderance of the Evidence]

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

# COURT'S FORFEITURE INSTRUCTION NO. 13
## [Reliance on Evidence Presented During Guilt Phase]

In making the forfeiture determination, you should consider all of the evidence presented during this post-verdict proceeding and the trial, regardless of who offered it. You should evaluate the evidence and its credibility according to the instructions I gave you earlier.

## COURT'S FORFEITURE INSTRUCTION NO. 14
### [Special Verdict Form]

A Special Verdict Form has been prepared for your use. With respect to each Collective Membership Mark or other property listed or described, you are asked to decide whether it is subject to forfeiture to the government based on the reasons I have explained to you. You will see that the special verdict form asks you to consider separately whether each Collective Membership Mark or other property is forfeitable as a result of each specific count of conviction. The same property can be forfeitable for more than one reason. You must indicate on the special verdict form every reason for which you find a given property forfeitable. The Court will consider any issue relating to double counting during sentencing. Your decision must be unanimous. Indicate on the verdict form whether you find that the property listed is subject to forfeiture, and then the foreperson should sign and date the form.