NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK (Cal. Bar No. 149883)
Assistant United States Attorney
Chief, Asset Forfeiture Section
CHRISTOPHER BRUNWIN (Cal. Bar No. 158939)
Assistant United States Attorney
Violent and Organized Crime Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:    (213) 894-6166/4242
    Facsimile:    (213) 894-3713
    E-mail:    Steven.Welk@usdoj.gov
        Christopher.Brunwin@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 13-106(A)-DOC |
|---|---|
| Plaintiff, | **GOVERNMENT'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY ORDER OF FORFEITURE AGAINST DEFENDANT MONGOL NATION** |
| vs. | |
| MONGOL NATION, an unincorporated association, | |
| Defendant. | **DATE: February 28, 2019**<br>**TIME: 8:00 a.m.**<br>**LOCATION: Courtroom of the**<br>    **Hon. David O. Carter** |

1

PLEASE TAKE NOTICE that on February 28, 2019, at 8:00 a.m., in Courtroom 10D of the Federal Courthouse in Santa Ana, California, before the Honorable David O. Carter, Plaintiff United States of America ("the government"), will and hereby does move to request that the Court enter the proposed Preliminary Order of Forfeiture ("POF") lodged contemporaneously herewith, against defendant Mongol Nation ("Defendant"), pursuant to Fed. R. Crim. P. 32.2 ("Rule 32.2"), 18 U.S.C. § 1963 ("§ 1963"), the guilty verdict entered against Defendant on December 13, 2018, on Counts One and Two of the First Superseding Indictment ("FSI"), for violations of Title 18 U.S.C. § 1962 (Docket Number ("DN") 311), and the jury's forfeiture verdict against Defendant, entered on January 11, 2019 (DN 350).

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on January 11, 2019.

The proposed POF orders the forfeiture of any and all right, title and interests of Defendant in, associated with, or appurtenant to: (1) three federally registered collective membership marks, referred to respectively below and in the POF as the "Word Mark," the "Center Patch Image," and the "Combined Mark" (collectively, the "Marks"); (2) items of tangible personal property bearing the Word Mark and/or all or part of the Center Patch Image, which items were seized by state, local or federal law enforcement agencies, and are currently in the custody of the United States as a result of the investigation by the United States Bureau of Alcohol, Tobacco, Firearms & Explosives into the racketeering and overt acts alleged in the First Superseding Indictment, to include vests or "cuts," patches, clothing and documents; and (3) the firearms, ammunition and concealable body armor entered into evidence in this action, all of which are more particularly described in exhibit "A" to the proposed POF.  The property described immediately above is referred to collectively herein as the "Forfeitable Property."

2

All of Defendant's right, title and interest in and to the Forfeitable Property is subject to mandatory forfeiture as a result of Defendant's conviction of Counts One and Two in the FSI and the jury's subsequent Special Verdict findings that the Forfeitable Property represents either  (1) an interest Defendant acquired or maintained in violation of 18 U.S.C. § 1962, as charged in Count Two of the FSI; or (2) an interest in, security of, claim against, or property or contractual right of any kind that afforded a source of influence over any enterprise that Defendant established, operated, controlled, conducted, or participated in the conduct of, in violation of 18 U.S.C. § 1962, as charged in Count Two of the FSI; or (3) property constituting, or derived from, any proceeds that Defendant obtained, directly or indirectly, from racketeering activity, in violation of 18 U.S.C. § 1962, as charged in Count Two of the FSI.

As explained in the attached memorandum, in light of the jury's verdicts, entry of the proposed POF is mandatory pursuant to 18 U.S.C. § 1963(a) and (e), and Rule 32.2(b)(2)(A).[1]  This motion is supported by Defendant's conviction, the

/ / /

/ / /

/ / /

---

[1] While the ultimate forfeiture of the Marks arguably presents potential Constitutional issues, the government contends that the entry of the POF, which does nothing more than forfeit the convicted defendant unincorporated association's interest in the Forfeitable Property, does not implicate any Constitutional concerns or issues.

jury's findings in the Special Verdict re Forfeiture that the Forfeitable Property is subject to forfeiture, and the matters set forth in the accompanying Memorandum of Points and Authorities.

DATED: January 14, 2019      NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

                                  /s/
                          STEVEN R. WELK
                          CHRISTOPHER BRUNWIN
                          Assistant United States Attorneys

                          Attorneys for Plaintiff
                          UNITED STATES OF AMERICA

# I.

# INTRODUCTION

Criminal forfeiture is a remedy governed entirely by statute and rule, both substantively and procedurally.  It follows a specific and well-defined process, intended both to eliminate interference with the substantive criminal case by third parties and protect the rights of potential third-party claimants (*i.e.*, non-defendants) to forfeitable property.  The criminal forfeiture process began here with the December 13, 2018 conviction of the Defendant, followed by the jury's January 11, 2019 finding of a nexus between the Defendant's conviction on Count Two of the FSI and the Forfeitable Property.  The jury having now returned a Special Verdict re Forfeiture identifying specific property with a connection to the RICO conspiracy, the entry of a preliminary order of forfeiture against Defendant is mandatory, and must be entered promptly.  *See* 18 U.S.C. § 1963(a) and (e); Rule 32.2(b)(2)(A).  By this application, the government requests that the Court enter the proposed Preliminary Order of Forfeiture ("POF"), lodged contemporaneously herewith, against defendant Mongol Nation, an unincorporated association ("Defendant").

# II.

# PROPERTY SOUGHT AND LEGAL BASIS

## A.    The Property Sought for Forfeiture

The government sought the forfeiture of three basic categories of property in this case: (1) all rights associated with the collective membership marks described in the FSI and the government's Bills of Particulars, including what has been referred to as the Word Mark (that is, the word "MONGOLS"), the Image Mark (that is, the Center Patch Image), and the "Combined Mark," which contains both the Word and Center Patch Image (collectively, the "Marks"); (2) items of personal property bearing any of the Marks, or any portion of any the Marks, which items are currently in government custody as a result of the government's investigation

5

of the racketeering and overt acts alleged in the FSI, including Mongols vests (or "cuts"); and (3) particular firearms, ammunition and concealable body armor admitted into evidence during the guilt phase of the trial.  The jury concluded that the government had established the requisite connection with respect to the Marks; vests, patches, clothing and documents bearing any of the Marks or any portion of any of the Marks, and all of the firearms, ammunition and body armor.

## B.      Forfeiture Is an Aspect of Sentencing

Criminal forfeiture is imposed on a convicted defendant as part of sentencing.  It is not an element of the underlying substantive offense.  *See Libretti v. United States*, 516 U.S. 29, 39 (1995) ("Our precedents have likewise characterized criminal forfeiture as an aspect of punishment imposed following conviction of a substantive criminal offense.").  It is an important sentencing tool, carrying into effect Congressional intent to deprive criminals and criminal organizations of the instrumentalities and profits of their illegal conduct.  *See Kaley v. United States*, 134 S. Ct. 1090 (2014) (forfeiture serves to punish the wrongdoer, deter future illegality, lessen the economic power of criminal enterprises, compensate victims, improve conditions in crime-damaged communities, and support law enforcement activities such as police training); *Caplin & Drysdale v. United States*, 491 U.S. 617, 630 (1989) ("a major purpose motivating congressional adoption and continued refinement of the Racketeer Influenced and Corrupt Organizations (RICO) and Continuing Criminal Enterprise (CCE) forfeiture provisions has been the desire to lessen the economic power of organized crime and drug enterprises").

## C.      The Broad Scope of RICO Forfeiture

Both the Supreme Court and the Ninth Circuit have commented on the broad, comprehensive reach of criminal forfeiture under the RICO Act.  *See, e.g.*, *Russello v. United States*, 464 U.S. 16, 26 (1983) (Congress enacted RICO "to provide new weapons of unprecedented scope for an assault upon organized crime

and its economic roots"). The Ninth Circuit, citing *Russello*, has held that the forfeiture provisions of §1963 are "purposely broad . . .[,] designed to totally separate a racketeer from the enterprise he operates," and that "forfeiture is not limited to those assets of a RICO enterprise that are tainted by use in connection with racketeering activity, but rather extends to the convicted person's entire interest in the enterprise." *United States v. Busher*, 817 F.2d 1409, 1413 (9th Cir. 1987). "RICO's forfeiture provision affords the trial court no discretion" and "is quite literally without limitation" except, obviously, possible Constitutional limitations. *Id.* at 1412-14.

Other Circuits have held the same. *See, e.g., United States v. Angiulo*, 897 F.2d 1169, 1211 (1st Cir. 1990) ("any interests in an enterprise, including the enterprise itself, are subject to forfeiture in their entirety, regardless of whether some portion of the enterprise is not tainted by the racketeering activity"); *United States v. Segal*, 495 F.3d 826, 838-39 (7th Cir. 2007) (defendant's entire interest in the enterprise is forfeitable under § 1963(a)(2); if a business is forfeited, so are all of its assets, including any subsidiary business that is wholly owned by the forfeited business; there need not be an independent basis for the forfeiture of the wholly-owned subsidiary); *United States v. Sarbello*, 985 F.2d 716, 724 & n.13 (3d Cir. 1993) (under RICO, 100 percent of a defendant's interest in the enterprise is subject to forfeiture, even if those "interests are acquired legitimately and the enterprise is primarily engaged in legitimate activity"); *United States v. Anderson*, 782 F.2d 908, 918 (11th Cir. 1986) ("a defendant's conviction under the RICO statute subjects all his interests in the enterprise to forfeiture 'regardless of whether those assets were themselves 'tainted' by use in connection with the racketeering activity'"), relying upon *United States v. Cauble*, 706 F.2d 1322, 1359 (5th Cir. 1983); *United States v. Porcelli*, 865 F.2d 1352, 1364 (2d Cir. 1989) ("a RICO enterprise found in violation of section 1962(c) is indivisible and is forfeitable in its entirety"); and *United States v. Najjar*, 300 F.3d 466, 485 (4th Cir. 2002) (all of

7

the assets of a corporation convicted of a RICO offense are subject to forfeiture under section 1963). *See also United States v. BCCI Holdings (Luxembourg) S.A. (Petition of Pacific Bank)*, 956 F. Supp. 5, 12 (D.D.C. 1997) (even untainted property received by the enterprise after the racketeering activity had ceased is subject to forfeiture under subsection (a)(2)(A) because "all of a RICO defendant's interests in an enterprise, including the enterprise itself, are subject to forfeiture in their entirety, regardless of whether some portion of the enterprise is untainted by racketeering activity").

Criminal forfeiture is *in personam*, meaning that it may be imposed only after a criminal conviction, and applies only to property of the convicted defendant. *See United States v. Lazarenko,* 476 F.3d 642, 647 (9th Cir. 2007); *United States v. Louthian,* 756 F.3d 295, 307 n.12 (4th Cir. 2014) (criminal and civil forfeiture are "distinct law enforcement tools:" the former is an *in personam* action that requires a conviction, and the latter is an *in rem* action against the property itself)*; and United States v. Vampire Nation,* 451 F.3d 189, 202 (3d Cir. 2006) (distinguishing civil and criminal forfeiture). For that reason, the proposed POF forfeits only the defendant's interest in the Forfeitable Property. Finally, the extent of criminal forfeiture is determined by the conviction. The forfeiture must correspond in nature and scope to the underlying criminal conduct of which the defendant was convicted. *See United States v. Messino*, 382 F.3d 704, 714 (7th Cir. 2004).

## III.

## APPLICABLE SUBSTANTIVE AND PROCEDURAL AUTHORITY

### A.   Substantive RICO Forfeiture Authority

The substantive forfeiture authority applicable here is found at 18 U.S.C. § 1963 (a) - (c), which describes the penalties for violation of the criminal RICO statute.   Subsection (a) authorizes the criminal forfeiture of

(1)   any interest the person has acquired or maintained in violation of section 1962;

(2)   any –
    (A)   interest in;
    (B)   security of;
    (C)   claim against; or
    (D)   property or contractual right of any kind affording a source of influence over; any enterprise which the person has established, operated, controlled, conducted, or participated in the conduct of, in violation of section 1962; and

(3)   any property constituting, or derived from, any proceeds which the person obtained, directly or indirectly, from racketeering activity or unlawful debt collection in violation of section 1962.

Subsection (b)(2) provides that property subject to forfeiture includes "tangible and intangible personal property, including rights, privileges, interests, claims and securities."

Subsection (c) provides that

All right, title, and interest in property described in subsection (a) vests in the United States upon the commission of the act giving rise to forfeiture under this section.  Any such property that is subsequently transferred to a person other than the defendant may be the subject of a special verdict of forfeiture and thereafter shall be ordered forfeited to the United States, unless the transferee establishes in a hearing pursuant to subsection (1) that he is a *bona fide* purchaser for value of such property who at the time of the purchase was reasonably without cause to believe that the property was subject to forfeiture under this section.

The Marks clearly fall within the scope of "property" as defined at 18 U.S.C. § 1963(b), which specifically provides for the forfeiture of intangible property, including rights, privileges, interests, claims and securities.  The government and defendant stipulated that the Marsk had been in continuous use by the defendant (in some form) since 1969.  Registration of a mark provided additional protections

to defendant, and constitutes *prima facie* evidence of "the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark," each of which is an element of ownership.  *See* 15 U.S.C. § 1115(a)); *In re International Flavors & Fragrances, Inc.*, 183 F.3d 1361, 1366 (9th Cir. 1999) ("Trademark owners who register their marks with the PTO are afforded additional protection [*i.e.*, rights and privileges] not provided by the common law," including the right to prevent others from using the mark).  This conclusion is bolstered by the overwhelming authority concerning the extraordinarily broad reach of the forfeiture authority of § 1963.  *See Russello*, 464 U.S. at 26; *Busher*, 817 F.2d at 1413; *Angiulo*, 897 F.2d at 1211; and *Segal*, 432 F.3d at 779.

## B. Procedural RICO Forfeiture Authority

Procedurally, criminal forfeitures are governed by 18 U.S.C. § 1963(e) - (m), and Federal Rule of Criminal Procedure 32.2 ("Rule 32.2"), entitled "Criminal Forfeiture."  While both set out procedural rules, Rule 32.2 is the primary source.  *See United States v. Marquez*, 685 F.3d 501, 509 (5th Cir. 2012) (reciting the requirements in Rule 32.2 and holding that they are mandatory, and "not empty formalities").  While § 1963 also includes procedural provisions, they are either essentially identical to those in Rule 32.2, provide additional powers or authority unique to RICO forfeitures (some of which are discussed below), or are inapplicable to this particular case.  Moreover, while the government does not believe that any of the provisions of § 1963 are inconsistent with those of Rule 32.2, to the extent conflicts are found, Rule 32.2 governs.  *See* 28 U.S.C.  § 2072(b) ("All laws in conflict with [the Federal Rules of Criminal Procedure] shall be of no force or effect after such rules have taken effect.").

/ / /

/ / /

/ / /

10

## IV.

### THE PRELIMINARY ORDER OF FORFEITURE AND ANCILLARY PROCEEDING

#### A.    Entry of the Preliminary Order

The determination of the forfeitability of the property sought by the government was made by the jury pursuant to Rule 32.2(b)(5).  Following that determination, the Court "must promptly enter a preliminary order of forfeiture . . . directing the forfeiture of specific property . . . ."  Rule 32.2(b)(2)(A).  That order forfeits any interest the defendant may have in the property described in the preliminary order, becomes final with respect to the defendant at the time of sentencing, but remains preliminary as to third parties until the ancillary proceeding is concluded under Rule 32.2(c).  Rule 32.2(b)(4)(A).

> Under [the statutory forfeiture scheme first enacted in 1984, including 18 U.S.C. § 1963(l)], the court orders the forfeiture of the defendant's interest in the property - *whatever that interest may be* -- in the criminal case.  At that point, the court conducts a separate proceeding in which all potential third party claimants are given an opportunity to challenge the forfeiture by asserting a superior interest in the property. This proceeding does not involve relitigation of the forfeitability of the property; its only purpose is to determine whether any third party has a legal interest in the forfeited property.

Advisory Committee Notes to Federal Rule of Criminal Procedure 32.2 (2000 Adoption) (emphasis added).

#### B.    The Ownership Determination

Following entry of the POF, the second phase of the forfeiture proceedings generally begins, to determine the existence and effect, if any, of alleged third party rights in the property described in the POF.  Rule 32.2(c); 18 U.S.C. § 1963(l); *Andrews*, 530 F.3d at 1236 (the purpose of the ancillary proceeding is to determine whether any third party has an interest in the forfeited property and to amend the preliminary order of forfeiture accordingly); *United States v. McHan*,

11

345 F.3d 262, 275 (4th Cir. 2003) (ancillary proceeding tests a third party's claim of an ownership interest; it is not a civil forfeiture proceeding in which the government is seeking to forfeit a third party's interest in property); *United States v. Gilbert*, 244 F.3d 888, 909 (11th Cir. 2001) (ancillary proceeding creates an orderly procedure whereby third parties who claim their property interests have been forfeited in a criminal case can "challenge the validity of the forfeiture order and establish their legitimate ownership interests"; discussing legislative history). This process allows any purported third parties in interest to intervene in the case and seek to validate their claimed rights in the property listed in the POF.

Ownership of the property listed in the POF is not an issue to be determined before entry of the POF because forfeiture of the defendant's interest in property found to have a nexus to the underlying violation for which he has been convicted is mandatory. *Alexander v. United States*, 509 U.S. 544, 562 (1993) ("a RICO conviction subjects the violator not only to traditional, thought stringent, criminal fines and prison terms, but also mandatory forfeiture under § 1963"); *Nava*, 404 F.3d at 1124. The court need not define the defendant's interest before entering the POF because it is impossible as a matter of law for the defendant to retain *any* interest in property as to which the requisite nexus has been shown. "Thus, the ancillary proceeding has become the forum for determining the extent of the defendant's forfeitable interest in the property." Rule 32.2, Advisory Committee Notes, 2000 Adoption. Rule 32.2 thus establishes the "more sensible procedure [whereby] the court, once it (or a jury) determines that property was involved in the criminal offense for which the defendant has been convicted, [orders] the forfeiture of whatever interest a defendant *may have* in the property *without having to determine exactly what that interest is*." *Id.* (emphasis added).[2]

---

[2] The deferral of the ownership determination serves both the letter and spirit of the forfeiture scheme. *See Andrews*, 530 F.3d at 1236 (once forfeitability is determined, the court does not – "and indeed may not" -- determine ownership;

A defendant cannot object to the entry of a preliminary order on the ground that the property at issue does not belong to it.  *United States v. Schlesinger*, 396 F.Supp.2d 267, 273 (E.D.N.Y. 2005); *United States v. Nicolo*, 597 F. Supp. 2d 342, 346 (W.D.N.Y. 2009) (in the forfeiture phase of the trial, the court "is not to consider potentially thorny issues concerning third party ownership of property sought to be forfeited;" if the Government establishes the required nexus to the offense, the property must be forfeited; if the property belonged to a third party, he will have an opportunity in the ancillary proceeding to make that claim).

Pursuant to Rule 32.2(b)(6)(A), "if the court orders the forfeiture of specific property [in a POF], the government must publish notice of the order and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding."[3]  "The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition."  Rule 32.2(b)(6)(B). [4]

---

that issue is deferred to the ancillary proceeding); *Lazerenko*, 476 F.3d at 648; *Gaskin*, 2002 WL 459005, at *9 n.4 (ownership is a question for the court alone to determine in the ancillary proceeding), *aff'd*, 364 F.3d 438 (2d Cir. 2004).

[3] Publication notice is to be given as described in Supplemental Rule G(4)(a)(iii) of the Federal Rules of Civil Procedure, and may be accomplished by any means described in Supplemental Rule G(4)(a)(iv).  Rule 32.2(b)(6)(C).  An essentially identical notice requirement is found at § 1963(l)(1).  Here, the government intends to publish notice on "an official internet government forfeiture site for at least 30 consecutive days" in accordance with Rule G(4)(a)(iv)(C).

[4] The applicable time period for a RICO criminal forfeiture is found at § 1963(l)(2), which provides that "any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within *thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier*, petition the court

A petition must be signed under penalty of perjury and set forth the nature and extent of the petitioner's purported right, title or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.  18 U.S.C. § 1963(l)(3).

If any third party files a timely ancillary petition asserting an interest in the property to be forfeited, "the court must conduct an ancillary proceeding."  Rule 32.2(c)(1).  That hearing "shall, to the extent practicable and consistent with the interests of justice, be held within thirty days of the filing of the petition.  The court may consolidate the hearing on the petition with a hearing on any other petition filed by a person other than the defendant under this subsection." § 1963(l)(4).  However, the government may move prior to a hearing to dismiss a petition for lack of standing, failure to state a claim, or "any other lawful reason" (Rule 32.2(c)(1)(A)), and the Court may authorize pre-hearing discovery in accordance with the Federal Rules of Civil Procedure (Rule 32.2(c)(1)(B)).  The exercise of either of these options will likely delay a hearing beyond the 30-day window suggested in the Rule.

At the petition hearing, the petitioner may testify and present evidence and witnesses on his own behalf, and cross-examine witnesses who appear at the hearing.  The United States likewise may present evidence and witnesses in rebuttal to the petitioner's evidence, and in defense of its claim to the property and cross-examine witnesses who appear at the hearing.  In addition to testimony and evidence presented at the hearing, the court shall consider the relevant portions of the record of the criminal case which resulted in the entry of the POF. § 1963(l)(5).

---

for a hearing to adjudicate the validity of his alleged interest in the property.  The hearing shall be held before the court alone, without a jury."  (Emphasis added).

14

The petitioner bears the burden of proof in the ancillary proceeding to prove by a preponderance of the evidence either that

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title or interest renders the [POF] invalid in whole or part because the right, title or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B) The petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of the purchase reasonably without cause to believe that the property was subject to forfeiture under this section.

§ 1963(l)(6); *Nava*, 404 F.3d at 1125 (in ancillary proceeding, "the petitioner bears the burden of proving his right, title, or interest") (interpreting similar provision in 21 U.S.C. § 853(n)(6)); *United States v. Teadt*, 653 F. App'x. 421 (6th Cir. 2016) (in an ancillary proceeding, the burden shifts to the petitioner to establish the petitioner's third party claim by a preponderance of the evidence).

A petitioner may not argue that the entry of the POF was improper or not adequately supported by the evidence at trial. *See* Advisory Committee Note to Rule 32.2 ("[The ancillary proceeding] does not involve relitigation of the forfeitability of the property; its only purpose is to determine whether any third party has a *legal* interest in the forfeited property." (Emphasis added)); *United States v. Dejanu*, 163 F. App'x. 493, 498 (9th Cir. 2006) ("Whether the criminal forfeiture of the property was proper is not an issue subject to litigation by third parties in the ancillary proceeding"); *United States v. Cooper*, 679 F. App'x. 738 (11th Cir. 2017) (third party cannot relitigate the merits of the forfeitability determination).

Whether a third party petitioner has a valid right, title or interest in the property described in the POF is determined according to state law. Federal law

determines whether any such interest is subject to forfeiture. *United States v. Lester*, 85 F.3d 1409, 1412 (9th Cir. 1996) (court looks to state law to see what interest the claimant has in the property and looks to the federal statute to see if that interest is subject to forfeiture); *United States v. Kennedy*, 201 F.3d 1324, 1334 (11th Cir. 2000).

## C. Further Orders

Finally, Section 1963(e) provides:

> Upon conviction of a person under this section, the court shall enter a judgment of forfeiture of the property to the United States and shall also authorize the Attorney General to seize all property ordered forfeited upon such terms and conditions as the court shall deem proper. Following the entry of an order declaring the property forfeited, the court may, upon application of the United States, enter such appropriate restraining orders or injunctions, require the execution of satisfactory performance bonds, appoint receivers, conservators, appraisers, accountants, or trustees, or take any other action to protect the interest of the United States in the property ordered forfeited.

The Proposed POF does not include seizure authority (indeed, it explicitly prohibits any seizures in furtherance of the POF in the absence of a further order from this Court), but it does include restraint provisions preventing Defendant from taking or attempting any action that might affect the availability, marketability or value of the Marks, or any of them, including but not limited to selling, conveying, transferring, licensing, distributing, bailing, assigning, mortgaging, pledging, collateralizing, hypothecating, wasting, secreting, damaging, diminishing the value of, conveying, encumbering, or otherwise disposing of the Marks, or any of them, or any personal property bearing all or part of the Marks, or any of them. It further provides that Defendant shall not (1) alter the terms of any existing license or license agreement relating to the Marks, or any of them; (2) purport to grant any ownership interest of any kind or nature in the Marks, or any

of them, to any person with a current license to possess or display the Marks; or (3) grant any new license to any person allowing that person to possess or display the Marks, or any of them.

These provisions will offset the potential prejudice to the government resulting from the delay in the authorization of enforcement authority with respect to the Marks, and will prevent Defendant from taking or attempting any action that could result in the diminution of the rights and privileges forfeited.

## V.

## THE FINAL ORDER OF FORFEITURE

### A.    Entry of the Final Order

When all third party petitions have been adjudicated, the court must enter a final order of forfeiture by amending the preliminary order of forfeiture as necessary to account for any third-party rights.  If no third party files a timely petition, the preliminary order becomes the final order of forfeiture if the court finds that the defendant had an interest in the property that is forfeitable under the applicable statute.[5]  The defendant may not object to the entry of the final order on the ground that the property belongs, in whole or in part, to a third party; nor may a third party object to the final order on the ground that the third party has an interest in the property.  Rule 32.2(c)(2).[6]

---

[5] In making the determination whether the defendant is the owner of the property described in the preliminary order, the court or jury "may rely upon reasonable inferences.  For example, the fact that the defendant used the property in committing the crime and no third party claimed an interest in the property may give rise to the inference that the defendant had a forfeitable interest in the property."  Rule 32.2 Advisory Committee Notes (2000 Adoption).

[6] Section 1963(l)(7) provides that "following the court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in paragraph (2) for the filing of such petitions, the United States shall have clear title to property that is the subject of the [POF] and may warrant good title to any subsequent purchaser or transferee."

17

# VI.

## FORFEITURE TO BE ANNOUNCED AS PART OF SENTENCE

Pursuant to Rule 32.2(b)(4)(B), the Court must mention the forfeiture order when orally announcing the Defendant's sentence, or otherwise ensure that the Defendant knows of the forfeiture at sentencing.  The court must also include the forfeiture order, directly or by reference, in the judgment.  The government recommends the following language be read to the Defendant at sentencing, and modified as necessary for inclusion in the judgment and commitment order:

Pursuant to 18 U.S.C. § 1963, the forfeiture allegation of the First Superseding Indictment, and the Bills of Particulars filed by the government, all of Defendant's right, title and interest in the property described in the Preliminary Order of Forfeiture, entered on [DATE] as docket number [xxx] has been forfeited to the United States.

# VII.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court forthwith enter the proposed preliminary order of forfeiture lodged herewith.

DATED: January 14, 2019                NICOLA T. HANNA
                                       United States Attorney
                                       LAWRENCE S. MIDDLETON
                                       Assistant United States Attorney


                                       _____/s/_____
                                       STEVEN R. WELK
                                       CHRISTOPHER BRUNWIN
                                       Assistant United States Attorneys

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA