Joseph A. Yanny, Esq. (SBN 97979)
Charles Cardinal, Esq. (SBN 322991)
YANNY & SMITH
1801 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone: (310) 551-2966
Facsimile: (310) 551-1949
jyanny@yannylaw.com

Attorneys for Defendant,
**Mongol Nation**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America<br>　　Plaintiff,<br><br>vs.<br><br>Mongol Nation,<br>　　Defendant. | Case No.: CR 13 00106 DOC<br><br>**DEFENDANT'S SUPPLEMENT TO DEFENDANT'S RULE 33 MOTION FOR NEW TRIAL AND RULE 29 MOTION FOR JUDGMENT OF ACQUITTAL**<br><br>**Courtroom**: 9D<br>**Judge:** Honorable David O. Carter |

## I. INTRODUCTION

Defendant Mongol Nation has previously made motions during the guilt phase of the trial and at the close of all evidence for a new trial, or in the alternative a mistrial, on matters adversely decided to defendant and for a judgment of acquittal in the guilt phase. *See Dkt. 324; 340*. This brief serves as a supplement to both of those already filed motions.

## II. ARGUMENT

First, much like the guilt phase of the trial, there was an overwhelming amount of uncorroborated hearsay statements made during the testimony of the government's witness during the forfeiture phase of the trial. Darrin Kozlowski specifically relied on and repeated out of court statements for the truth of the matter asserted without meeting the foundational requirement for use as set forth in the jury instruction. This is a textbook example of hearsay. *Fed. R. Evid. R. 803*. Even if these statements of an undercover agent are viewed as co-conspirator statements and therefore qualify as an exception to the hearsay rule, "a conviction cannot be had upon the testimony of an accomplice unless it be corroborated by such evidence as shall tend to connect the defendant with the commission of the offense." *Cal. Penal Code § 1111*; *See also Loboa v. Calderon*, 224 F.3d 972 (9th Cir. 2000); *Gonzalez v. State of Nevada*, 131 Nev.Adv.Op. 99 (2015). Thus, there must be some independent evidence that supports the hearsay statements in order for the jury to rely on those statements for a finding of guilt. Additionally, a co-conspirator statement must be made during the course of the conspiracy to qualify for the hearsay exception –

the alleged statements that certain alleged Mongols told special agent Kozlowski were made *after* the alleged events at issue transpired. Just like the guilt phase of the trial, special agent Kozlowski's testimony during the forfeiture phase of the trial relied on impermissible hearsay statements. Once again, the jury clearly did not understand the instruction regarding uncorroborated hearsay statements. As such, defendant incorporates the impermissible testimony proffered by the government during the forfeiture phase as additional grounds for the previously filed motion for new trial, or in the alternative a mistrial, on matters adversely decided to defendant and for the motion for a judgment of acquittal.

Second, there are a slew of Constitutional rights issues that became ripe after the forfeiture phase that serve as additional grounds for defendant's Rule 33 and Rule 29 motions. These Constitutional concerns will be addressed in detail in a later briefing; however, they include the First Amendment right to speech, expression, and association, the Fifth and Fourteenth Amendment rights to due process, and the Eighth Amendment prohibition on excessive fines and cruel and unusual punishment. These complications are no longer hypothetical. As such, defendant supplements them as arguments into its previous motions for a new trial, or in the alternative a mistrial, on matters adversely decided to defendant and for a judgment of acquittal.

Defendant incorporates the previous arguments made in its Rule 33 and Rule 29 motions herein and relies on those as well as any arguments that may be presented at the hearing on these matters.

## III. CONCLUSION

For the foregoing reasons, defendant offers this supplement as additional grounds for granting its previously filed Rule 33 and Rule 29 motions.

Respectfully submitted,

Dated: Jan 14, 2019      By:    /s/ *Joseph A. Yanny*

                                                     JOSEPH A. YANNY
                                                     YANNY & SMITH
                                                     Attorneys for Defendant, Mongol Nation