Rebecca Tushnet
Harvard Law School
Hauser Hall 520
Cambridge, MA 02138
703 593 6759
rtushnet@law.harvard.edu



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, | Case No.: CR 13-0106 |
| Plaintiff | |
| vs. | **MOTION TO FILE AMICUS CURIAE BRIEF OF SEVEN LAW PROFESSORS IN SUPPORT OF NEITHER PARTY** |
| MONGOL NATION, | |
| Defendant | DATE:          TIME: |
| | JUDGE: HON. DAVID O. CARTER |
| | COURTROOM 9D |
| | (PROPOSED ORDER FILED CONCURRENTLY HEREWITH) |

## MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF

This is a motion for leave to file an amicus curiae brief by seven intellectual property professors. The grounds for the motion and the interest of the amici are set forth in the attached memorandum of points and authorities. The amicus brief is also attached to this motion.

## CERTIFICATE OF INTEREST

(1) The amici curiae are seven professors of intellectual property law.

(2) No party's counsel authored the proposed amicus brief in whole or in part. No party or party's counsel contributed money intended to fund preparing or submitting the proposed brief. No person, other than amicus curiae, its members, or its counsel, contributed money that was intended to fund preparing or submitting the proposed brief.

# MEMORANDUM OF POINTS AND AUTHORITIES

Amici are responding to the Court's invitation to address questions relating to the forfeiture of the Mongols trademarks, specifically "[1] Whether criminal forfeiture of any and all legal and equitable rights of any kind or nature associated with or appurtenant to a collective mem-bership mark violates the First Amendment to the United States Constitution. [2] Whether criminal forfeiture of a collective membership mark is feasible under intellectual property law." Order of January 17, 2019. As the Court recognized, the forfeiture of the trademarks of an association that uses the marks for associational purposes, rather than primarily to identify goods and services sold to the public, raises unusual questions. Trademark law, however, does provide some guidance about (1) what would be necessary for a successful involuntary transfer of trademarks and (2) what the consequences of losing the trademarks would be for the club and its members, which may assist the Court in determining whether forfeiture is a feasible way of achieving the government's aims. To the extent that the government seeks to stop the club and its members from using the term "Mongols" to describe themselves, forfeiture of the Mongols trademarks will not necessarily do this, To stretch trademark law to suppress self-identification rather than to govern the marketplace for goods or services would pose serious First Amendment dangers.

These are largely novel questions, given that prior trademark forfeiture cases of which we are aware have focused on the assets of an ordinary business (albeit one also engaged in racketeering activities) where the relevant trademarks relate to goods and services offered for sale to the public, rather than to associational activities. See, e.g., Cash Processing Servs. v. Ambient Entertainment, Inc., 418 F. Supp. 2d 1227 (D. Nev. 2006).

Proposed amici are familiar with the trademark law concepts relevant to answering the Court's questions identified above. They are professors of intellectual property law who have taught and written about trademark law and the freedom of speech. This is a list of their names and institutional affiliations (the latter listed for identification purposes only):

| | |
|---|---|
| Stacey L. Dogan | Boston Univ. School of Law |
| Mark A. Lemley | Stanford Law School |
| Jessica Litman | University of Michigan School of Law |
| Mark P. McKenna | Notre Dame Law School |
| Jennifer E. Rothman | Loyola Law School, Los Angeles |
| Jessica Silbey | Northeastern University School of Law |
| Rebecca Tushnet | Harvard Law School |

For these reasons, proposed amici believe that their brief would be useful to this Court's deliberations, and they therefore seek this Court's leave to file the brief.

Dated: February 6, 2019

Respectfully Submitted,

By:     /s/Rebecca Tushnet

REBECCA TUSHNET