TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
CHRISTOPHER BRUNWIN (California State Bar Number 158939)
Assistant United States Attorney
Violent and Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4242
    Facsimile: (213) 894-3713
    E-mail:    Christopher.Brunwin@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>MONGOL NATION,<br>  An unincorporated association,<br><br>        Defendant. | No. CR 13-106(A)-DOC<br><br>UNITED STATES' OPPOSITION TO DEFENDANT'S SECOND MOTION FOR A NEW TRIAL; DECLARATION OF JOHN CICCONE<br><br>Date:  February 28, 2022<br>Time:  1:30 p.m.<br>Location:   Courtroom of the<br>          Hon. David O. Carter |

I.   INTRODUCTION

On December 13, 2018, after 24 days of trial, testimony from dozens of witnesses, more than 200 exhibits that included weapons, illegal narcotics, and crime scene audio and video recordings depicting numerous armed attacks, shootings, stabbings, narcotics transactions, murders and attacks on police, the jury found defendant Mongol Nation guilty of racketeering and conspiracy to commit racketeering, in violation of Title 18 of the United States Code, Sections 1962(c) and 1962(d).  CR 310, 311.  The Court denied defendant's first new trial motion on February 28, 2019, and defendant now attempts to bring a second motion, in which it claims to rely on newly discovered evidence but in fact produces none.

The motion is supported by neither admissible evidence nor competent declarations.  As such, it does not present newly discovered evidence, much less demonstrate how that evidence would meet the elements required for a new trial under Rule 33(b)(1).  Replete with false and unsupported allegations and speculation, the Motion, under any construction, fails to articulate any basis to overcome or set aside the jury verdicts in this case.  It should be stricken or denied.

II.  BACKGROUND

The background for this case is set forth in the United States' Trial Brief and Opposition to Defendant's Motion for Judgment of Acquittal.  CR 186, 363.  In sum, the Ninth Circuit remanded the matter on July 11, 2017, after the Court dismissed the original indictment on September 16, 2015.  CR 114, 127, 128.  The Grand Jury then returned the First Superseding Indictment ("FSI") on May 17, 2018.  *See* First Superseding Indictment (CR 169).  The FSI charged

defendant with racketeering in violation of Title 18 of the United States Code, Section 1962(c), and conspiracy to commit racketeering offenses in violation of Title 18 of the United States Code, Section 1962(d).  The FSI also included forfeiture allegations.  *Id*.

Trial began on October 30, 2018 and continued through December 13, 2018, when the jury returned guilty verdicts on both counts.  CR 310, 311.  During the proceedings, the government presented testimony from approximately 28 witnesses, including undercover Special Agents of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), local law enforcement officers, and other percipient witnesses to the charged offenses.  Defendant identified some 50 witnesses for trial and presented testimony from Mongols members, retired ATF agents, and persons it designated as expert witnesses.

On December 27, 2018, after the jury returned convictions on both counts, defendant brought a motion for a new trial or, in the alternative, for a mistrial.  CR 324.  On January 11, 2019, the jury returned its findings on the forfeiture of several categories of property, pursuant to the conviction on Count Two of the FSI.  CR 350, 353.  The Court denied defendant's previous new trial motion on February 28, 2019.

Defendant filed its Notice of Appeal on May 29, 2019.  CA No. 19-50176 (CR 440, 441).  The United States filed its Notice of Appeal on June 13, 2019.  CA 19-50190 (CR 453, 454).  The appeals are pending in the Ninth Circuit.

## III. ARGUMENT

### DEFENDANT HAS NOT MET ITS BURDEN FOR A NEW TRIAL UNDER RULE 33(b)(1)

Rule 33(a) of the Federal Rules of Criminal Procedure provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. Proc. 33(a).[1] The burden to justify a new trial rests squarely on the defendant. *United States v. Endicott*, 869 F.2d 452, 454 (9th Cir. 1989). The "motion for new trial is directed to the discretion of the judge." *United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981); *United States v. Mack*, 362 F.3d 597, 600 (9th Cir. 2004) (denial of motion for a new trial reviewed for abuse of discretion); *United States v. George*, 420 F.3d 991, 1000 (9th Cir. 2005) (new trial motion denied under Rule 33(b)(1) where newly discovered evidence was not material or merely impeachment evidence); *citing, United States v. Kulczyk*, 931 F.2d 542, 549 (9th Cir. 1991) (holding "evidence that would merely impeach a witness cannot support a motion for new trial.").

The law of the Ninth Circuit requires that a defendant seeking a new trial on the ground of newly discovered evidence requires defendant to show: (1) evidence that is newly discovered; (2) that the failure to discover the alleged evidence sooner was not due to a lack of diligence; (3) the evidence was material to trial issues; (4) the evidence was not cumulative or merely impeaching; and (5) a new trial, if granted, would probably result in acquittal. *United States*

---

[1] Rule 33(b)(1) provides that the court may not grant a motion for a new trial while an appeal is pending. Fed. R. Crim. Proc. 33(b)(1). The court can deny a motion, but it cannot grant a motion until the appellate court remands the case.

4

1 *v. George*, 420 F.3d at 1000 (9th Cir. 2005) (new trial motion denied
2 under Rule 33(b)(1)); *citing, United States v. Kulczyk*, 931 F.2d 542,
3 549 (9th Cir. 1991) (holding "evidence that would merely impeach a
4 witness cannot support a motion for new trial.").

5   Defendant's Motion fails to even address this standard.  In the
6 first instance, defendant has submitted no competent evidence to
7 support its request for a new trial.  It has offered only
8 declarations from two attorneys and Mark "Menace" Torres, which
9 themselves attach e-mails, text messages and videos purported to
10 feature or have been created by David Santillan and his wife.  *See*
11 Declarations attached to Defendant's Motion.  These out of court
12 statements by persons other than the declarants are inadmissible
13 hearsay that cannot support a new trial motion.  Fed. R. Evid. 801;
14 *United States v. Felix*, 425 F.2d 240, 242 (9th Cir. 1970) (new trial
15 motion denied where "evidence" submitted "was principally hearsay and
16 therefore inadmissible."); *Wilke v. United States*, 422 F.2d 1298,
17 1299, n. 1 (9th Cir 1970) (*per curiam*) ("This information was of
18 course hearsay and as such provided no support for a new trial
19 motion[.]"); *Wagner v. United States*, 118 F.2d 801, 802 (9th Cir.
20 1941) (affidavits consisting "largely of hearsay statements and of
21 impeachment of testimony received in the trial" did not meet the
22 standard for a new trial motion); *United States v. Chappell*, 990 F.3d
23 673, 677-78 (8th Cir. 2021) (questioning whether unverified
24 allegations could qualify as new evidence to support a new trial
25 motion); *United States v. Chapman*, 851 F.3d 363, 382 (5th Cir. 2017)
26 (representations from defense counsel were "inadmissible hearsay and
27 a motion for new trial may not be based on inadmissible evidence.").
28

Hence, the motion fails to satisfy the first essential element since it is not supported by admissible evidence.

Moreover, the allegations in the Motion are not true. Defendant's brief asserts that "Throughout the proceedings, Santillan was [an] agent of the government who controlled the Mongols litigation, including the defense witness list, in order to advantage the government" and that "in exchange for their cooperation, Santillan and his wife's acts of misconduct were ignored by the legal system. They were allowed to walk free from charges of assualt [sic], weapons charges, and driving under the influence." Defendant's Motion at 6. It further states that "neither Santillan nor the government revealed his dual role." *Id*. However, defendant offers no competent witness testimony or admissible evidence to support any of these allegations, and the allegations are false. *See* Declaration of John Ciccone, attached hereto.

Just as defendant has failed to produce any actual admissible evidence, it has utterly failed to establish any of the other elements necessary for a new trial motion – i.e., that the Motion should be considered timely; that it has been diligent; that the alleged evidence is material, and not cumulative or impeachment evidence; and that a new trial would result in an acquittal. *United States v. George*, 420 F.3d at 1000. Defendant alternatively asserts (again, without admissible evidence in support of the contention) that the government improperly had access to its defense strategy. This appears to be a reference to the defendant's witness lists, because that is the only "strategy" described in its Motion. *See* Defense Motion at 3, 6. Specifically, defendant asserts that Santillan did not want to testify and would not permit trial counsel

6

to include him, Roger Pinney, or ATF Agent Ciccone on the defendant's witness list. Defendant's Motion at 3:1-4. Defense counsel's assertion that Santillan controlled the defense appears dubious, since Santillan was not an attorney or counsel of record, and neither his presence nor direct involvement was required under the Federal Rules,[2] the inaccuracy of the representation itself is demonstrated by the fact that Agent Ciccone's name is on defendant's Witness Lists, along with 40 to 50 other names. (CR 435, 436). This claim is further undermined by counsel's own statement that he believed Roger Pinney, if called, would have invoked his 5th Amendment right against self-incrimination and refused to testify. *See* Exhibit 4 to Yanny Declaration, attached to Defendant's Motion.[3] The same exhibit also indicates that Santillan was included on the list only "if at some point we needed to call you for anything." *Id*. Hence, the statements in defendant's own exhibit actually subvert its argument that the inclusion of names on the lists were material to trial issues, not cumulative or impeaching (especially given the very long list of other witnesses), or would have "probably resulted in an acquittal." *See, United States v. George*, 420 F.3d at 1000.

Also, apart from its repeated assertions, defendant has not made any showing that its witness lists were actually shared with the

---

[2] Rule 43(b)(2) provides that the defendant need not be present when "[t]he defendant is an organization represented by counsel who is present." Fed. R. Crim Proc. 43(b)(2). Defense counsel, nonetheless, repeatedly states that Santillan "controlled" or was "the controlling member of the defense team." Yanny Decl., ¶¶ 8, 9.

[3] Exhibit 4 includes the statement, "Roger has already indicated that he will simply refuse to testify and claim his 5th Amendment Right to silence. I don't want that so I will not likely even try to call him. However, leaving him on the list makes the Feds shy away from him which is desirable. Additionally, I have "Secret" who can give me what I really need from Roger about Laughlin in any event." Yanny Decl., Exh. 4.

government or that the government learned about them, other than when the lists were publicly filed. Defendant's Motion at 9-10.[4] The claim also makes no sense, because defendant actually requested assistance from government agents to help it secure the appearance of its witnesses at trial.

Additionally, given the fact that the witness lists were submitted in 2018, defense counsel is referring to incidents dating back as far as 2011, and defendant acknowledges having received the inadmissible hearsay videos upon which it so heavily relies more than six months ago (See Yanny Decl. ¶¶ 15-28) but waited until just days before the expiration of the three-year deadline under Rule 33(b)(1) to file the Motion, this delay also demonstrates "a lack of diligence on defendant's part." *United States v. Kulycyk*, 931 F.2d at 548 ("The appellant's failure to inform the judge before or at least during the trial that he was unable to locate two witnesses indicates a lack of due diligence.").

Further, despite mentioning three witnesses (two of whom apparently refused to testify), defendant has described no testimony that would have resulted in an acquittal. *United States v. George*, 420 F.3d at 1000. Defendant has merely provided names of witnesses it did not actually intend to call, or whom, if called, would have refused to testify.[5] Names of previously known potential witnesses are not evidence, and the assertion that defense counsel may have wanted them to testify would not actually affect the outcome of the

---

[4] The witness lists were publicly filed, and witnesses were required to be identified before the next court day. (CR 222, 253).

[5] Defendant actually obtained writs to compel the appearance of multiple witnesses who invoked their 5th Amendment right against self-incrimination.

8

trial, much less result in an acquittal. That conclusion is likely even more compelled in this case, because, in this case, the jury here heard weeks of testimony from dozens of witnesses about the unending crimes of the defendant. Among others, the jury heard testimony from retired Special Agent Kozlowski and other undercover ATF agents Gaioni, D'Angelo, and Carr. The jury also heard extensive testimony from retired ATF agents William Queen and Jay Dobyns. This testimony included descriptions of murders, shootings, stabbings, an actual scalping (supported by photographic evidence), riots, narcotics transactions, and attacks on police officers. The jury watched numerous videos of shootings and stabbings committed by Mongols members and associates. It heard Christopher Ablett testify directly about how he killed the president of the Hells Angels in San Francisco, and testimony about a man who was beaten to death with a pool cue in a bar in Lancaster, and another who was stabbed to death in Merced. It watched surveillance video of a Mongol member slashing a victim's face, and another man who was ambushed leaving a restaurant, beaten unconscious and kicked in the head as he lay helpless at the feet of Mongols members and associates. The jury saw and heard members of defendant's leadership, including its then-national president boasting of the gang's well-earned reputation for violence and mayhem, and the importance of expanding the scope of that reputation throughout the world. It saw methamphetamine, guns, knives, and bullets sold and used by the gang. It learned that the Mongols have an actual skull and crossbones murder patch, and it saw the murder patch and heard testimony that the patch was awarded to members who killed for the organization. It saw their "wings" patches and "Respect Few Fear None" patch. It heard about

racketeering and conspiracy many, many times over, and, ultimately, the jury convicted the defendant of both racketeering and conspiracy to commit racketeering, because it saw and heard direct evidence from numerous witnesses -- including witnesses called by defendant -- that showed defendant had been committing those crimes for decades. Defendant has offered nothing here, not even argument, to meet its burden to show that a new trial would result in acquittal. It has not offered admissible evidence, and it has not met the standard for a new trial. Its Motion is insufficient and must fail.

As stated, defendant's motion is not supported by admissible evidence. Its assertions are untrue, and it fails to demonstrate a basis to overcome the evidence and testimony presented at trial or set aside the jury convictions in this case. The motion should be stricken, based on its lack of evidentiary support, or denied.

IV. CONCLUSION

As set forth herein, the United States respectfully submits that defendant has not met its burden to support a new trial. The Motion should be stricken or denied.

Dated: February 7, 2022         Respectfully submitted,

                                TRACY L. WILKISON
                                United States Attorney

                                SCOTT M. GARRINGER
                                Assistant United States Attorney
                                Chief, Criminal Division

                                  /s/*Christopher Brunwin*
                                CHRISTOPHER BRUNWIN
                                Assistant United States Attorneys

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA