JOSEPH A. YANNY (SBN 97979)
ANDREA X. ALES (SBN 330928)
YANNY & SMITH
1801 Century Park East, Suite 2400
Los Angeles, California, 90067
Telephone: (310) 551-2966
jyanny@Yannylaw.com; andreaales@Yannylaw.com

VICTOR SHERMAN (SBN 38483)
LAW OFFICES OF VICTOR SHERMAN
11400 Olympic Blvd.
Los Angeles, California 90230
Telephone: (424) 371-5930
Facsimile: (31) 399-9029
ssvictor@aol.com

Attorneys for Defendants, **MONGOL NATION**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MONGOL NATION,<br>　An unincorporated association,<br><br>　　　　Defendants. | Case Number:  CR 13-106(A)-DOC<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR NEW TRIAL/DISMISS THE INDICTMENT OR OTHER APPROPRAITE RELIEF, FILED DECEMBER 10, 2021 [DKT. 535]; DECLARATION AND EXHIBITS**<br><br>Date　:  June 6, 2022<br>Time　:  1:30 p.m.<br>Judge　:  Honorable David O. Carter |

1

## I. INTRODUCTION

Defendants, Mongol Nation ("Defendants" or "Mongols"), respectfully submits their Reply in support of Defendants' Motion for New Trial and/or Dismiss the Indictment or other Appropriate Relief, filed December 10, 2021 ("Motion").

Plaintiff's, United States of America ("Government" or "Plaintiff") Opposition to the Motion, filed February 7, 2022 ("Opposition"), hinges on their position that Defendants have not met its burden for a new trial under Rule 33. Contrary to Plaintiff's assertions, once a defendant demonstrates that confidential relationship between the attorney and the client was violated as a result of government intrusion into the attorney-client relationship, it is the Government's burden "to show that the defendant was not prejudiced; that burden is a demanding one." *United States v. DeCologero*, 530 F. 3d 36, 64 (1st Cir. 2008). There is nothing more egregious than the Government's violation of a criminal defendant's Sixth and Fourteenth Amendment rights than perhaps a group of rioters storming the US Capital on January 6th to overturn a valid democratic election. In both situations a fraud upon the United States has been perpetrated through an attempt to adversely impact the honest and fair administration of Governmental process. Neither party has a burden to demonstrate anything until the evidentiary hearing is finished. Mongol Nation rest assured that will be the case here. Mongol Nation has established probable cause to obtain such an evidentiary hearing. At a minimum the Mongol Nation has established sufficient probable cause that this Court should request a remand of adequate jurisdiction to explore the matter with an evidentiary hearing.

This motion is beyond mere paranoia. Let us not forget what institution we are dealing with. This is the same institution that brought us the "Stash House" cases. Same location, same corrupt organization, and the very same division of the ATF that inserted Jay Dobyns into this

case. See Order by Judge Manual Real in *United States v. Roberts*, CR 13-00751, dated May 30, 2014. It is also the same institution of the ATF and same office that brought us the Jay Dobyns lawsuit against the ATF, in which it was determined that the ATF was a corrupt organization and awarded Jay Dobyns damages. See Opinion by Judge Allegra in *Jay Anthony Dobyns v. United States*, No. 08-700C, dated September 16, 2014. That case is now collateral estoppel against them. It cannot be denied it is a corrupt institution, and Jay Dobyns is the one that testified in this case that the ATF tried to kill him and burn his house down, putting him and his family at risk. A mere violation of constitutional rights to the Mongol Nation is a day at the beach for folks like the ATF and John Ciccone. In many ways David Santillan is simply another unfortunate victim of this corrupt government institution.

We suggest that this Court bare in mind the provision of Federal Rules of Criminal Procedure 33 and 37 together with Federal Rules of Appellate Procedure 12.1. What is before this Court right now is whether it will seek remand of sufficient jurisdiction to determine this motion. Nothing more. Nothing less. If the District Court states that it would grant Defendants' motion or that the motion raises a substantial issue, the Court of Appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal. *Fed. Rules of Appellate Pro. Rules* 12.1; *Fed Rules of Crim. Pro Rule* 33(b) and 37(b). Furthermore, if this Court makes such a determination, it is the Mongol Nation that gives notice to the Court of Appeals.

## II.     ARGUMENT

### A.     As to Rule 33, the Evidence Established Could Change the Result

The Government asserts that the Defendants' burden to establish that even if newly discovered evidence were presented a different result would have been achieved in the trial. While asserting an incorrect standard in cases where a violation of constitutional rights by the

Government is asserted, bare in mind that the jury hung (9-3 in favor of the Mongols) on one particular predicate act of the indictment where it was asserted that by the defense that the incident at Nicolas Gentleman's Club ("Nicolas") was a Government setup by ATF agent John Ciccone ("Ciccone") to protect the sanctity of his undercover operation. Ciccone was present at the incident between the Mongols and Maravilla at Nicolas, which was predicate act 5 in the US v. Mongol Nation. Both agents Ciccone and Officer Christopher Cervantes ("Cervantes"), were in the parking lot the night of the incident. This same night of the incident was the night that Denis Frank Maldonado was supposed to interview both undercover agents, Gaioni and Kozlowski, because he suspected they were undercover agents. "Fortunately," for the agents, one of them had "motorcycle problems," so they could not arrive at the meeting on time. Meanwhile, special agents Ciccone and Cervantes watched the altercation between the Mongols and Maravilla progress from across the parking lot. It was established at trial that Ciccone had agents infiltrated into Maravilla and used that infiltration so that both the Mongols and Maravilla would be at Nicolas that night.

     Furthermore, the Government put a former prospect (Waldo Ivan Salazar) on the stand, who had left the shooting scene with a vest, body armor, and a weapon used in the altercation. Instead of being punished, Mr. Salazar was recruited by the ATF and indicated that he was a federal government employee working for ICE at the time of the testimony. In opposition to this federal employee Mr. Salazar, the Mongol Nation put on the testimony of Albert "the Suit" Cavazos, a man who plead guilty in the U.S. v. Cavazos case. It was established in the minds of the jury that the incident at Nicolas was an orchestrated operation under the direction of ATF Agent John Ciccone and the jury voted 9-3 in favor of acquittal. The jury obviously concluded (as the Mongols had posited) the proposition that the entire engagement was a set up by the ATF

agent John Ciccone and company to protect the identity of the undercovers even at the risk of death or great bodily injury to others. The Court will recall that the 9-3 vote by the jury was without the benefit of examining potential witness ATF John Ciccone, whom David Santillan protected and instructed counsel not to call to testify. So, what result could have been achieved if the defense had been permitted to call Ciccone without the protection of an ATF cooperator David Santillan? Perhaps the final three jurors could have been made to see the extent Ciccone and company were willing to go to in order to protect their operation at the expense of the honest administration of justice.

Additionally, the Government states that the statement of David Santillan and Annie Santillan are not admissible evidence. However, their statements are assertive that they are confidential informants and effective extensions of the government. For this motion, their statements are statements against interest and meet exceptions to the hearsay rule.

At the end of the evidentiary hearing in this matter, the defense will have met its burden. If this Court holds the motion until after the Court of Appeals concludes their decision it will be justice delayed. If the Court of Appeals reverses the prior conviction, then the evidentiary hearing sought by this motion is unnecessary. However, if the Court of Appeals does not reverse the conviction, then the evidentiary hearing sought here is still necessary to eliminate the unjust and fraudulently obtained conviction.

### B. *Any Constitutional Violation Warrants a New Trial*

If David Santillan who controlled the entire litigation position of the Mongols was a confidential informant as asserted by his wife and evidenced by his on-tape statements, then the basic constitutional rights of the Mongols have been violated and the entire prior trial was nothing short of fraud upon the United States. Just because John Ciccone swears, without being

cross examined, that David Santillan was "not an agent" of the government does not mean that he was not a confidential informant. If a new trial motion is based on an alleged [constitutional] violation, a new trial is warranted if the evidence is "material" in that there is a "reasonable probability sufficient to undermine confidence in the outcome" that the evidence COULD have changed the result. *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); see also *Kyles v. Whitley*, 514 U.S. 419, 434-35, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) (holding that in Rule 33 motions involving alleged materials, a defendant must show that a reasonable the probability exists that, had the evidence been disclosed, the result of the trial would have been different). Accordingly, in this case, there is a per se violation of the Sixth and Fourteenth Amendment where "there is a knowing violation of the attorney-client relationship." *United States v. Levy*, 577 F.2d 200, 208 (3d Cir. 1978); see also *State v. Lenarz*, 22 A.3d 536, 542 (Conn. 2011) (holding that there is a rebuttable presumption of prejudice when the prosecution reads "privileged materials containing trial strategy," even when the prosecutor's conduct is unintentional). If failure to disclose is a violation, how much more serious is the violation of Defendants' Sixth and Fourteenth amendment rights?

## III. ADDITIONAL MATTERS

Furthermore, we have been provided with a picture of David Santillan three days after the filing of the instant motion. We have a picture of David Santillan and Officer Christopher Cervantes at a table in a back corner having a private meeting. We believe that Officer Cervantes may have stepped into the role Ciccone played with David Santillan. See Declaration of Andrea X. Ales, attached hereto, at paragraph 4, Exhibit 5.

We have made discovery requests of the Government that have yet to be complied with. If necessary, we will be filing a motion to compel the Government. Furthermore, we have been

unsuccessful at serving subpoenas on John Ciccone and Christopher Cervantes to attend the June 6th hearing and to bring documents with them. There are additional witnesses that we have not been able to locate and serve subpoenas on, such as Mariana Van Zeller. Additionally, we are informed that David Santillan and Annie Santillan have been subpoenaed to attend the hearing and subpoenaed to produce documents. At the moment, we have not received documents that were requested from them. See Declaration of Andrea X. Ales, attached hereto, at paragraph 5-9.

## IV.   CONCLUSION

The issue is not whether Mongol Nation proved its entire case with our initial motion filings. The issue is whether we have shown cause for the Court to investigate. We rest assured when all the evidence is received, adequate proof will have been adduced to carry the burden of proof necessary to grant not only a new trial but dismissal of the charges against the Mongol Nation MC because of egregious government misconduct.

Respectfully submitted:

*Joseph A. Yanny*
JOSEPH A. YANNY
ANDREA X. ALES
VICTOR SHERMAN
Attorneys for Defendants