E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
CHRISTOPHER BRUNWIN (California State Bar Number 158939)
Assistant United States Attorney
Violent and Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4242
    Facsimile: (213) 894-3713
    E-mail:   Christopher.Brunwin@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 13-106(A)-DOC |
|---|---|
| Plaintiff, | UNITED STATES' REPLY IN OPPOSITION TO DEFENDANT'S SECOND MOTION FOR A NEW TRIAL |
| v. | |
| MONGOL NATION, An unincorporated association, | Date: October 6, 2022<br>Time: 3:00 p.m.<br>Location: Courtroom of the Hon. David O. Carter |
| Defendant. | |

    The defendant's burden on a motion for new trial is to show: (1) evidence that is newly discovered; (2) failure to discover the evidence sooner was not due to a lack of diligence; (3) the evidence was material to trial issues; (4) the evidence was not cumulative or merely impeaching; and (5) a new trial would probably result in an acquittal. *United States v. George*, 420 F.3d 991, 1000 (9th Cir 2005); *United States v. Kulczyk*, 931 F.2d 542, 549 (9th Cir. 1991). Defendant did not make that showing, and its Motion must therefore be denied.

1     Defendant's Motion claimed that its national president was a
2 confidential informant who provided trial strategy to the government
3 during trial.  That was not true.  Over the course of several months
4 and days of hearings, no witness or piece of evidence supported it.
5 Then, at the hearings, defendant tried to argue another theory about
6 the Mexican Mafia and the indictment in an unrelated case.  That
7 theory was also unsupported and did not identify any new evidence or
8 basis for a new trial under Rule 33(b)(1) either.  Now, it is almost
9 ten months after defendant filed its Motion and years after the trial
10 and convictions.  The Court has permitted multiple days of testimony,
11 spread over the course of several months, and defendant did not meet
12 its burden to show new evidence or any of the elements required for a
13 new trial under Rule 33(b)(1).
14     Defendant's Brief restates its unsupported and irrelevant theory
15 about the Mexican Mafia, Ralph Rocha and Art Garcia.  *See* Defendant's
16 Brief, at 5-11.  Those theories were not raised in defendant's
17 Motion, or even the first Reply brief defendant filed months after
18 the Motion, and they were not relevant when defendant questioned
19 witnesses about them at the hearings.  Even now, defendant cites
20 nothing in its Brief to show that this attenuated, at best, theory
21 would establish new and material evidence, especially not when the
22 events would have occurred, if ever, prior to 2010, which was years
23 before the 2018 trial.  *See United States v. George*, 420 F.3d at
24 1000; *United States v. Kulczyk*, 931 F.2d at 549.  Defendant also
25 ignores the testimony that its claims were not relevant to its
26 assertion about Santillan.  See, e.g., 9/7/22 R.T. Vol. I 100:-100:14
27 ("What does anything from Eme have to do with the video, Joe?
28 Nothing.  Not a g*ddamn thing.").  Defendant also omits that it

2

wrongly asserted that Santillan was an "unindicted co-conspirator" in another case. FBI SA Talamantez testified that the claim was false. 7/22/22 R.T. Vol II 32:19-21 ("My point is, sir, I believe that David Santillan, the president of the Mongols Motorcycle Club, is UICC 39."); and 7/22/22 R.T. Vol II 39:20-44:10 (THE COURT: "Are any of the UICCs in this Indictment David Santillan?" THE WITNESS: "No.")). Defendant also falsely claimed that retired Montebello Police Officer Christopher Cervantes was somehow Santillan's "handler." (7/25/22 R.T. Vol I 16:1-6. (The Court asked Cervantes, "Is Santillan a rat? A cooperator? I'm asking you that: Is Santillan a cooperator?" and Cervantes answered, "No, sir.")). Again, that claim was false as well.

Defendant also ignores that Cervantes also testified that neither he, SA Ciccone, "the ATF, DEA, task force, [nor] any federal authority" were "protecting" Santillan. 7/25/22 R.T. Vol. III 19:19-20:3. SA Ciccone also testified to that claim directly and in response to the question directed by the Court. 7/22/22 R.T. Vol. I 50:7-12; see also, 9/7/22 R.T. Vol. I 32:1-33:2 (SA Ciccone stated that he was not aware of any cooperation with Santillan). Thus, even though defendant has repeated these claims in its Brief here, the actual testimony showed that they were false.

In its Brief, defendant also restates its baseless assertion that Santillan was allowed to "walk free" from criminal charges. Defendant never offered any evidence to support that claim. Moreover, every witness testified that it was not true and that Santillan did not receive assistance for any of the criminal charges against him. *See, e.g.*, 6/28/22 R.T. Vol. I 55:1-56:24 (A. Santillan brought records and testified repeatedly, "There was no assistance);

3

6/29/22 R.T. Vol. I 52:5-7 (Santillan testified that defense counsel's statement was, "Not true."); 7/22/22 R.T. Vol. I 89:7-16 and Vol. III 37:1-17 (SA Ciccone testified that he did not have any involvement in the disposition of criminal cases against Santillan). Even the Court stated, "I don't see that he's gotten a break." 7/22/22 R.T. Vol. I 93:14-17. Defendant, in fact, cites nothing in its Brief -- no evidence or testimony -- to support this claim either, which defendant, nonetheless, repeats again. Defendant's Brief, at 11-12. The claim is still baseless. Every witness testified that it is not true, and it does not support defendant's Motion.

Over the course of the eight hearings, witnesses testified directly that Santillan was not an informant and did not provide trial strategy to the government. 7/25/22 R.T. Vol I 17:11-19 (THE COURT: "This has one focus: Is Santillan a government informant? That's the focus."). A. Santillan, Santillan, retired ATF Special Agent John Ciccone, retired Montebello Police Officer Christopher Cervantes, ATF Supervisory Special Agent ("SSA") Susan Raichel all testified that defendant's claim was not true. SSA Raichel, Montebello Police Sergeant Omar Rodriguez, Los Angeles County Sheriff Deputy Ivania Farias, and Long Beach Police Department Sergeant Jarrod Lewis also testified that they conducted searches, and there are no records of any agreements with Santillan. FBI SA Joey Talamantez testified, as well, that Santillan was not "UICC 38," "UICC 39" or any other "unindicted co-conspirator" in his case. Defendant's claim that Santillan was a confidential informant and provided trial strategy to the government was not true and did not show new evidence.

Defendant did not meet its burden to show new evidence under Rule 33(b)(1). It also did not show that a new trial would probably result in an acquittal, and it could not do that in this case, especially not in this case. The jury convicted defendant on both counts of racketeering and RICO conspiracy, after it heard weeks of testimony from many witnesses about the unending crimes committed by this defendant, and crimes that the defendant and its members continue to commit. In fact, one distinct aspect about this case was that this defendant and its members never stopped committing crimes, even after indictment and even during the trial. They, in fact, committed crimes throughout the proceedings, and the crimes have not stopped. The jury, thus, heard testimony and saw evidence of racketeering and racketeering conspiracy crimes many, many times over. Santillan correctly described that evidence as "super strong." 6/29/22 R.T. Vol. II 16:4-17:10. That evidence included numerous many crimes and drug transactions, and evidence of the crimes continued to arrive throughout the proceedings and during the trial, because the Mongols and its members, again, continued to commit more crimes. Moreover, some of the incriminating evidence at trial actually came from witnesses called by the defendant. For example, it was defendant who decided to call retired SA William Queen to testify. SA Queen then testified about even more Mongols crimes that he learned about during his infiltration of the Mongols and Operation Ivan. That included testimony and evidence about an actual scalping committed by Mongols members and testimony that Mongols members took SA Queen to a remote location where they made him set up targets and shot guns at him while they accused him of being an informant. Similarly, defendant also called retired SA Jay Dobyns and convicted

5

Mongols member Christopher Ablett.  They also testified about more crimes, and Ablett's testified that he killed the Hells Angels president in San Francisco.  They also described the environment within the Mongols that promoted and rewarded those crimes.  That testimony, like the testimony of retired SA Queen, was very incriminating against the defendant at trial, so was testimony about the killing of Officer Shaun Diamond by a Mongol in Pomona, videos that repeatedly showed Mongols members shooting, stabbing and beating individuals in public locations.  Ultimately, the jury convicted the defendant of both racketeering and conspiracy to commit racketeering, because it saw and heard direct evidence from many witnesses, including witnesses called by defendant, that showed defendant had been committing those crimes for decades and continued to commit them.  That remains true.

   Ultimately, defendant did not meet its burden under Rule 33(b)(1) to support a new trial under a claim of newly discovered evidence.  Its Motion did not meet any of the elements required to support a new trial, and it must be denied.

 Dated: September 29, 2022          Respectfully submitted,

                                    E. MARTIN ESTRADA
                                    United States Attorney

                                    SCOTT M. GARRINGER
                                    Assistant United States Attorney
                                    Chief, Criminal Division


                                     /s/*Christopher Brunwin*
                                    CHRISTOPHER BRUNWIN
                                    Assistant United States Attorney

                                    Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA